67 239|
40a 264|
67 239|
108 97|
67 239|
109 197|
109 215|
52a 371|
67 239|
69a 261|
67 239|
146 581|
76a 520|
67 239|
155 373|

HULETT v. ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, *Appellant.*

**Personal Injury to Brakeman Coupling Cars of Unequal Height.** An experienced brakeman undertook to couple together two cars of unequal height without using the ordinary crooked link adapted for preventing accidents in such cases. He knew of the inequality in height, and had the entire charge of the train. Owing to miscalculation on his part, and without any defect in the construction of either car, they came together, and he was crushed between them; *Held*, that he was not entitled to recover for the injuries so sustained.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

*Wells H. Blodgett* for appellant, argued that upon the undisputed facts there was no liability to the plaintiff for the injuries he had sustained, citing *Cummings v. Collins*, 61 Mo. 520; *Keegan v. Kavanaugh*, 62 Mo. 230; Wharton on Negligence, (2 Ed.) § 212; *Gibson v. Erie Rwy. Co.*, 63 N. Y. 449; *Devitt v. Pacific R. R. Co.*, 50 Mo. 305; Shearm.

& Redf. on Negligence, § 94, p. 125; Ib. § 94, p. 123; Ib. §98; Ib. § 99; *Priestly v. Fowler*, 3 M. & W. 1; *Williams v. Clough*, 3 H. & N. 258; *Laning v. N. Y. Cent. R. R.*, 49 N. Y. 521; *McGlinn v. Brodie*, 31 Cal. 376; *Muldowney v. Ill. Cent. R. R.* 39 Iowa 615; *Ladd v. New Bedford R. R.*, 119 Mass. 412; *Gildersleeve v. Fort W., I. & S. R. R.*, 33 Mich. 133.

O. *Guitar* for respondent, cited *Gibson v. Pacific R. R.*, 46 Mo. 163; *Lewis v. St. L. & I. M. R. R.*, 59 Mo. 495 · *Buffington v. A. & P. R. R.*, 64 Mo. 246.

NAPTON, J.—The facts in this case are undisputed. There was no conflicting evidence. They are all stated in the testimony of the plaintiff himself, who testified with candor, and no doubt correctly stated the circumstances under which he was seriously injured.

The plaintiff was an experienced brakesman and had been more than two years and a half in that capacity on defendant's road. He undertook to couple a baggage car with a flat car loaded with rock. He knew that the flat car was lower than the other and was fully aware of the need of caution in coupling cars of unequal height. The inequality in the height of the cars was apparent. His usual mode of coupling cars of unequal height was to use a crooked link on the higher car, but in this case he propped up the drawhead on the flat car as high as it would go and turned down the link on the baggage car, which was a straight one, and being mistaken in his calculation of the distance between the elevation of the two cars and standing on the ground to make the connection, the drawheads did not meet, except so near the end of the link that the drawhead of the baggage car slipped over and he would have been crushed to death but for the projection of some rocks on the flat car, between which he escaped with his life, but was severely injured. The work was entirely under his control, the engine being subject to his orders. No one gave

him any orders or directions and the two cars were both complete in their construction, and their apparatus without any defects. These facts being testified to by the plaintiff the only question was whether the defendant, under the circumstances, was liable for the damage received by the plaintiff. There was a demurrer to the evidence, but the circuit court refused to take the case from the jury, and submitted it with instructions, which were abstractly correct.

In the first instruction for plaintiff the jury were told that "if the drawheads on the cars were so constructed as not to be adapted to each other, and were so placed that they would not come in contact in coupling, but pass each other, and that the same was unknown to the plaintiff, and could not have been discovered at the time by the use of ordinary care and diligence, and that the same was known to defendant or could have been known by the exercise of proper care and diligence," the plaintiff was entitled to recover. Now, the testimony of the plaintiff himself was that he was perfectly aware of the fact that the two cars were of different heights; that the difference was obvious to the eye of any one, and that being aware of this difference, he pushed up the draw head of the flat car and turned down the link on the baggage car, but the inequality in height of the two cars proved to be greater than he supposed. He admits that he could have ascertained the exact difference by stopping the engine, or by closer examination before he ordered the engine to move, and obviously, as other witnesses stated, he could have avoided all risk by making the coupling from the platform of the baggage car. He thoughtlessly ventured to stand on the ground and attempt the connection with a straight link which he ordinarily did not use in coupling cars of unequal height. The objection to this instruction is that there was no evidence to authorize it.

The question raised by the demurrer to the evidence was examined by Judge Cooley in the case of *Gildersleeve v.*

*Ft. W., I. & S.R.R.*, 33 Mich. 133, a case very like the present in its material features. But in that case there was some evidence offered to show that one of the cars was not constructed on the most improved, modern style, and was inconvenient, and that complaint was made to the builders in charge of the shops where defendant had their repairs done, but in the present case no complaint was made in regard to the construction of either car. On the contrary, both cars were conceded to have been without defects. Judge Cooley likened the case, he and his colleagues were required to decide, to that of a farmer, who continued to use a fractious horse, the qualities of which were well known to his employee, and to a merchant who continued to use a fluid for light, after other fluids had been demonstrated to be safer, and to a manufacturer who continues the use of a building which, in the event of a conflagration, would subject his employees to greater risk than a building of different construction. In his opinion such cases formed no exception to the general rule which leaves the servant to bear the consequences of the ordinary risks incident to his employment, especially when he is fully apprised of them.

In the present case the plaintiff was in the performance of his ordinary duties, independent of all interference, and, in fact, represented the defendant. In regard to third persons he would have been considered as acting for the defendant. The mistaken calculation he made in regard to the comparative height of the cars was his own, and the consequences of it he is alone responsible for.

The demurrer to the evidence should have been sustained. The judgment is reversed. The other judges concur.

REVERSED.