Marshall v. Hay Press Co.

MATTIE MARSHALL, Appellant, v. KANSAS CITY HAY PRESS COMPANY, Respondent.

Kansas City Court of Appeals, February 15, 1897.

1. **Master and Servant**: NEGLIGENCE: PRIVY: INSURER. While under the circumstances of this case the master was required to furnish a safe and secure privy for employees, he was not an insurer of its safety and the plaintiff must show negligence to warrant a recovery.

2. ———: ———: OBVIOUS DEFECT. Where the servant continues to use defective appliances, knowing the additional dangers likely to result therefrom, by so doing he voluntarily assumes the additional risk of his employment; and in this case, as the continued use of the privy was obviously dangerous, the plaintiff was not entitled to go to the jury.

3. ———: ———: ———. If the doctrine of *Fulger v. Bothe*, 117 Mo 475, was overturned by *Settle v. Railway*, 127 Mo. 336, it was restored by *Steinhauser v. Spraul*, 127 Mo. 541.

*Appeal from the Jackson Circuit Court.*—HON. C. L. DOBSON, Judge.

AFFIRMED.

*Byron Sherry* for appellant.

(1) The master is bound to use ordinary care and diligence to provide for the use of his servants sound and safe materials, instruments, and accommodations. He must, therefore, use ordinary care to provide for his servants a reasonably safe place in which to do their work, and this obligation on the part of the master extends to providing the servant with a safe place to stay while waiting to go to work, a safe means of access and departure and to all structures intended for the accommodation of his servants. 1 Sherman and Redfield [4 Ed.], sec. 194 and cases cited. (2) The fact that

a person injured had previous knowledge of the danger is not conclusive evidence of negligence on his part. It is a fact to be submitted, with other evidence, to the jury, and in an action to recover damages for an injury caused by such defect it is only necessary for the plaintiff to show that he exercised ordinary care to avoid the accident. *Huhn v. R'y*, 92 Mo. 440; *Flynn v. R'y*, 78 Mo. 195; *Conroy v. Iron Works*, 62 Mo. 35; *Porter v. R'y*, 60 Mo. 160; *Dale v. R'y*, 63 Mo. 455; *Stoddard v. R'y*, 65 Mo. 521; *Snow v. R'y*, 8 Allen, 441; *Patterson v. R'y*, 76 Pa. St. 393; *Hanley v. R'y*, 82 N. Y. 370; *Huddleston v. Lowell M. Shops*, 106 Mass. 282; *Ford v. R'y*, 110 Mass. 240; *Lawless v. R'y*, 136 Mass. 1; *Omelia v. R'y*, 115 Mo. 205. (3) Knowledge on the part of the servant of the defendant will not preclude a right to recover unless the danger from the defect is so glaring and apparent that a person of ordinary prudence and caution would not attempt to use the structure or appliance. *Settle v. R'y*, 127 Mo. 342, 343, 344; *Gibson v. R. R.*, 46 Mo. 163; *Huhn v. R. R.*, 92 Mo. 447; *Soeder v. R. R.*, 100 Mo. 673; *Blanton v. Dold*, 109 Mo. 75; *Stoddard v. R. R.*, 65 Mo. 514; *Devlin v. R. R.*, 87 Mo. 545; *Conroy v. Iron Works*, 62 Mo. 35; *Sullivan v. R'y*, 107 Mo. 67; *McGowan v. R'y*, 61 Mo. 528; *Keegan v. Cavanaugh*, 62 Mo. 230; *Monahan v. Coal Co.*, 58 Mo. App. 68; *McMullen v. R'y*, 60 Mo. App. 231; *Madison v. R. R.*, 60 Mo. App. 599; *Ellingson v. R'y*, 60 Mo. App. 679; Wood, Master and Servant, sec. 352; 1 Shearman & Red., Neg. [4 Ed.], sec. 209; *R. R. v. Egden*, 3 Col. 500; *Lasure v. Mfg. Co.*, 18 S. C. 276; *Perigo v. R. R.*, 55 Iowa, 326; *Hanley v. R. R.*, 82 N. Y. 370.

*Scammon, Mead & Stubenrauch* and *John T. Marshall* for respondent.

(1) The court committed no error in sustaining the motion for a new trial on the ground that it should

have sustained the demurrer to the evidence. There was not a particle of evidence showing that the privy in any respect was made out of the usual and ordinary way of such structures. (2) In this case the negligence complained of, if any, in leaving the seat of the privy uncovered or unrailed, was easily to be seen, and perfectly open, and obvious to any person using the privy—as open, obvious, and well known to the decedent, as to the defendant. The risk, if any, being of such a character and perfectly obvious to the sense of any man, whether servant or master, the deceased using the privy assumed all risk and the defendant can not be held responsible. *Fugler v. Bothe,* 43 Mo. App. 44; *Fugler v. Bothe,* 117 Mo. 475; *Nolan v. Shickle,* 69 Mo. 336; *Williams v. R. R.,* 119 Mo. 316; *Watson v. Coal Co.,* 52 Mo. App. 366; *Berning v. Medart,* 56 Mo. App. 443; *Clark v. R'y,* 48 Kan. 654; *Anderson v. Clark,* 155 Mass. 368; *Foley v. Jersey City,* 54 N. J. Law, 411; *O'Neal v. R'y,* 132 Ind. 110; *Keegan v. Kavanaugh,* 62 Mo. 230; *Kern v. De Castro Ref. Co.,* 125 N. Y. 54; *Covey v. R. R.,* 27 Mo. App. 179; *Burton v. R. R.,* 32 Mo. App. 455; *Aldridge, Adm'r, v. Midland Blast, etc., Co.,* 78 Mo. 559; *Nugent v. Milling Co.,* 131 Mo. 241; *Burnes v. R'y Co.,* 129 Mo. 41; *Steinhauser v. Spraul,* 127 Mo. 541; Wharton on Neg., sec. 245; Thompson on Neg., sec. 1008; Shearman & Red. on Neg. [4 Ed.], sec. 185.

SMITH, P. J.—This is an action to recover damages for personal injuries. The petition in substance states that plaintiff is the widow of Jerome Marshall, deceased, and that the defendant corporation was engaged in the hay press and foundry business on certain premises in Kansas City, and that the said Jerome Marshall, deceased, was in the employ of the defendant, on and about its said

PLEADING.

premises as a moulder; that in connection with its said premises, the defendant was the owner and had control of a certain privy for the use of its employes engaged at work on and about its said premises, and the said privy was in general use by said employees, that the said deceased had occasion to use said privy and while doing so owing to the negligent construction of said privy, and without fault on his part, the deceased fell through the opening in said privy and down a distance of about twenty-five feet into the water of the Missouri river and was drowned; and the plaintiff further states that the deceased came to his death wholly on account of the fault and negligence of the defendant in that the said privy was in a dangerous and unsafe condition for the purpose for which it was intended to be used, in not having any cover, guards, guard rail or other protection, to prevent persons using the same from falling through the opening therein, and the plaintiff states that the death of deceased was wholly caused by the negligence of the defendant in having and maintaining the said dangerous and defective structure as aforesaid, etc.

The answer was a general denial accompanied with the plea that the alleged defect in said privy complained of was open, visible and obvious, of which the deceased had equal knowledge with defendant and that by reason of such knowledge on the part of the deceased he assumed all the risk in using the said defective privy.

The reply denied these allegations of the answer.

The undisputed evidence was to the effect that Marshall was, at the time he met his death, in the employ of defendant; that the defendant, some three years prior to that time, had constructed a privy for the use FACTS. of its employees on the bank of the Missouri river so that it extended out

several feet over the current. The sides were boarded up and the seat was a frame work of 2 by 4 scantling and so constructed as to leave an open space fourteen inches wide by fourteen feet long. This seat was nineteen inches above the floor. It appears that as a coemployee was just leaving the privy the deceased entered and took his seat, and after the former had walked about twelve feet away he heard a noise or jar and on looking around he saw deceased fall through the privy seat and strike the water which was some eighteen feet below. His body was recovered several days afterward. The deceased had been in the employ of the defendant for about six months before the accident and, during that time, he, in common with a great number of the other employees of defendant, had constantly used the privy in question. The interior of the building was light enough to enable one, while using the same, to read a newspaper. There was a trial by a jury where the plaintiff had a verdict. This the court, on motion of defendant, ordered to be set aside and from that order the plaintiff has appealed.

The defendant owes it as a duty to the employees of its foundry to provide a safe and secure privy for their use, or that the privy provided for their use should be safe and secure. *Regan v. Fowler*, 24 N. Y. 410. But while this was so did the law enjoin upon it the duty to provide a privy with a seat thereon for the use of its employees, that they could not fall through? The master is not an insurer to the servant of the safety of the appliances which he provides for his use. And where the latter is injured by the use of defective appliances thus furnished he must show negligence on the part of the master, or else he can not recover. *Flynn v. Bridge Co.*, 42 Mo. App. 529.

It is now a well settled rule of law in this state

MASTER and servant: negligence: privy: insurer.

that if the defects in the appliances are patent, that is to say such as the servants would have discovered if ordinarily observant in using them, he becomes chargeable with knowledge of their defective condition and if injured thereby can not recover of the master. *Watson v. Coal Co.*, 52 Mo. App. 366; *Flynn v. Bridge Co.*, *supra*; *Fugler v. Bothe*, 117 Mo. 473; *Aldridge v. Furnace Co.*, 78 Mo. 559; *Keegen v. Kavanaugh*, 62 Mo. 232; *Hulett v. Railway*, 67 Mo. 239; *Burns v. Railway*, 129 Mo. 41; *Doolin v. Railway*, 87 Mo. 545. And as said in *Flynn v. Bridge Co.*, "the principle on which he is debarred is not that of contributory negligence, although it is sometimes so erroneously classified, but a principle peculiar to the relation of master and servant, namely: that the servant continues to use the defective appliances, knowing the additional dangers likely to result therefrom, and by so doing voluntarily assumes that additional risk of employment." And a similiar statement of the rule was made in *Watson v. Coal Co.*, *supra*; *Porter v. R'y*, 71 Mo. 66; *Conroy v. Iron Works*, 62 Mo. 35; *Conden v. R'y*, 78 Mo. 567; *Leila v. R'y*, 82 Mo. 435. And no reason is perceived why the principles just adverted to are not applicable to a case of this kind since, as we have seen, it was as much the duty of the defendant to provide for the use of its employes a reasonably safe and secure privy as it was to provide other reasonably safe appliances to be used in carrying on the work required of them.

Now if the plaintiff's contention be conceded that the uncontroverted facts justify the deduction of the inference that the privy was of negligent construction, then is the plaintiff entitled to recover. The evidence further disclosed that the deceased had, during the period of his employment, habitually used the defendant's privy. The defect and danger was manifestly so

patent and obvious that the deceased could have discovered it if ordinarily observant in using it. It will not do to say that the defects complained of in this crude and simple structure could have possibly escaped the notice of the decedent. Accordingly we must hold that the decedent, by the continued use of the defective and dangerous privy, knew the danger likely to result therefrom, and by so doing voluntarily assumed that additional risk of his employment. There can be no pretense that the defect complained of was latent or hidden, so that the rule governing cases of that description can have no application to a case like this when the defect was so obvious and patent to his senses that he was bound to take notice of it. He could not be heard to say that he had no knowledge of the defect. In the light of the adjudications to which we have already referred, this case is not different than if the said privy seat had been but a single piece of scantling extending the whole length of the building without being boarded up on the river side. The danger that would result from the use of such seat, though perhaps differing in degree, would be as obvious to the senses in the one case as in the other.

The plaintiff on the undisputed facts was not entitled to a submission to the jury (*Bell v. Railway*, 72 Mo. 50; *Barton v. Railway*, 52 Mo. 253), and therefore while the trial court erred in disallowing the defendant's demurrer, it did not err in setting aside the verdict.

It follows that the order of the trial court from which the appeal is prosecuted will be affirmed. All concur.

### ON MOTION FOR REHEARING.

SMITH, P. J.—The plaintiff's insistance now is "that the opinion is based upon the case of *Fugler v.*

*Bothe*, 117 Mo. 475, which has been overruled by that of *Settle v. Railway*, 127 Mo. 336."

In view of the facts of the latter case as in the opinion they are stated to be it is quite difficult to harmonize the rulings made in the one case with those in the other. It is possible the learned judge in writing the opinion in the latter case did not then have in his mind the rulings made in the former case. As no mention is made in the opinion of the former case we are not inclined to think that it was intended to overrule it, since the writer of that opinion in the later case of *Steinhauser v. Spraul*, 127 Mo. 541, is reported to have agreed to the third paragraph of Judge SHERWOOD's opinion wherein *Fugler v. Bothe* is not only cited but the principles therein announced are applied and enforced in their most comprehensive scope.

If the doctrine of *Fugler v. Bothe* was overturned by *Settle v. Railway* it was restored and vitalized by the ruling in *Steinhauser v. Spraul*.

The motion must therefore be denied.