FREDERICK M. YOUNG, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.     March 9, 1897. — March 30, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Loss of Life — Railroad — Master and Servant — Negligence — Action.*

An action cannot be maintained against a railroad corporation for causing the death of a conductor of a freight train in its employ, in consequence of the breaking apart of the train owing to a defective link, in the absence of evidence that the corporation failed to supply all the links that were needed for coupling the cars at the place where the train was made up.

TORT, by the administrator of the estate of Lester N. Young, for causing his death.   Trial in the Superior Court, before *Fessenden*, J., who, at the defendant's request, ruled that the evidence would not warrant a verdict for the plaintiff, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.   The facts appear in the opinion.

*S. A. Fuller & C. H. Blood*, for the plaintiff.

*T. Hunt*, (*S. Lincoln* with him,) for the defendant.

KNOWLTON, J.   We may assume in favor of the plaintiff that there was evidence from which the jury might have found that his intestate was in the exercise of due care.   If we assume, without deciding, that a liability under St. 1887, c. 71, of the laws of New Hampshire,[*] could be enforced in this Com-

---

[*] The material portions of this statute are as follows :

"Section 1.   When the death of a person is caused by a wrongful act or neglect of another, which, if death had not ensued, would have entitled the person injured to recover damages therefor, then, on the death of such person, his executor or administrator may, after notice and by suit as hereinafter pro-

monwealth under the doctrine stated in *Higgins* v. *Central New England & Western Railroad*, 155 Mass. 176, we come to the question whether there was evidence of negligence on the part of the defendant.

The accident happened in New Hampshire, and as the statutes of 1887, c. 270, and 1893, c. 359, have no extra-territorial force, they cannot be invoked by the plaintiff. The plaintiff's intestate was killed in consequence of the breaking apart of a freight train, and there was evidence that at the point of separation " there was an old, rusty link, about three quarters of it on one side had rusted, — and old rust, from six to seven months old, — and the other was a new break." The negligent use of this link is the only fault charged against the defendant. The question is whether this was negligence of officers or agents, for which the corporation is liable to an employee, or negligence of a servant for which the defendant is not liable to his fellow servant. One of the witnesses called by the plaintiff testified that the defendant furnished a sufficient number of links for use in making up this train, and that at the time of the accident there were spare links in the caboose and on the engine, and that it was the duty of the plaintiff's intestate, who was the conductor of the train, to see that there was a supply of links on his train. Another of his witnesses testified that he did not know that a conductor had any duty to have spare links on his train, but that the defendant had a sufficient number of links for use at Nashua, where the train was made up. There was no evidence that the company failed to supply all the links that were needed for coupling

vided, recover damages for the injury to the person and estate of such person caused by such wrongful act or neglect and consequent death, and although the death is caused under such circumstances as amount, in law, to felony. . . .

" Section 2. Suit shall not be brought for such injuries unless the person injured, or his administrator or executor, shall, within sixty days after such injury is sustained, give notice in writing, under oath, to the person, persons, or corporation causing the injury by his, their, or its wrongful act or neglect, setting forth in such notice the time when and the place where such injuries were sustained, and the cause of such injuries. . . .

" Section 3. Suit may be brought for such injuries at any time after such notice, and within two years from the date of such notice, and not afterwards; and in no case shall a greater sum than seven thousand dollars be recovered."

its cars at the places where the trains were made up.    These links are not permanently fastened to the cars, but may be taken out and put in by the hand as trains are divided or made up.    They are furnished for use by train men, and by those who make up the trains in the freight yards.    These men are fellow servants of the conductors of freight trains.    In *Thyng* v. *Fitchburg Railroad,* 156 Mass. 13, is the following language : " Upon the undisputed evidence, the men who made up the train could easily have got a longer pin in the yard, or from the caboose which was going with the train.    When proper pins for the coupling of cars were supplied, the failure to use them properly, or to replace one too short by a longer one, was the fault of the defendant's servants who used them, and not of the defendant. . . . The fact that a freight train broke apart when it ought not to is some evidence of negligence for which the railroad would be liable in a suit brought by one who is not an employee.    But if nothing more appears, it does not indicate negligence of the corporation for which it is liable to one of its servants, as distinguished from negligence of a servant for which it is not liable to another servant.    In a case like the present, where the only culpable cause to which the accident can be ascribed is the use of too short a coupling pin on a car of another corporation, it points to negligence of a fellow servant quite as much as to the negligence of the corporation itself." With the substitution of the word " link " for " coupling pin," this language is applicable to the present case.    See also *Carroll* v. *Western Union Telegraph Co.* 160 Mass. 152 ; *Allen* v. *G. W. & F. Smith Iron Co.* 160 Mass. 557 ; *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209 ; *Rice* v. *King Philip Mills,* 144 Mass. 229 ; *McGee* v. *Boston Cordage Co.* 139 Mass. 445.

The evidence does not show that the law of New Hampshire differs from that of Massachusetts in this particular.*

*Exceptions overruled.*

---

* The following decisions were put in evidence by the plaintiff : *Hanley* v. *Grand Trunk Railway,* 62 N. H. 274; *Nash* v. *Nashua Iron & Steel Co.* 62 N. H. 406; *Fifield* v. *Northern Railroad,* 42 N. H. 225.