ALLEN J. ELLSBURY *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Worcester.    October 6, 1898. — October 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Railroad — Master and Servant — Action.*

A railroad corporation is not liable for injuries sustained by an experienced person
in its employ, while attempting to couple two cars together by the use of a link
and pin, in obedience to orders, because the drawbars of the cars, one of which
belonged to another corporation, were of unequal height, causing one drawbar to
slide over the other, and such person, who held the link, to be crushed between
the sills of the cars.

TORT, for personal injuries received by the plaintiff while in
the defendant's employ.    The declaration contained three counts,
the first under the employers' liability act, St. 1887, c. 270, the
second at common law, and the third under St. 1895, c. 362.
Trial in the Superior Court, before *Hopkins*, J., who directed
the jury to return a verdict for the defendant; and reported the
case for the determination of this court.    The facts appear in
the opinion.

*J. E. McConnell*, for the plaintiff.

*F. P. Goulding*, (*W. C. Mellish* with him,) for the defendant.

HOLMES, J.    This is an action of tort for injuries received
while attempting to couple two cars together in obedience to
orders.    The two cars had different kinds of drawbars; one,
belonging to the defendant, a Miller, the other belonging to the
Pennsylvania Railroad, a Jenny.    They could be coupled only
by the use of a link and pin.    A fellow servant of the plaintiff
put a link into the Pennsylvania car, but according to the plain-
tiff's story the drawbar of that car was too high to allow the
connection, and when the cars came together it slid over the
other one, and the plaintiff, who held the link, was crushed be-
tween the sills of the cars.    The plaintiff was an experienced
man, but testified that he could not have told the difference in
height, or, it would seem, the alleged impossibility of the con-

nection, until the drawbars were close to each other. At the trial the judge directed a verdict for the defendant.

We are unable to see any ground on which the plaintiff could be allowed to recover. In *Lawless* v. *Connecticut River Railroad*, 136 Mass. 1, the defendant furnished a locomotive to be used as a switcher. The drawbar was too low for the cars with which it was expected to be used; the plaintiff did not know it, and was not called on to look out for it. In *Bowers* v. *Connecticut River Railroad*, 162 Mass. 312, there was some slight evidence that the drawbar was defective in having too much lateral play, and that the accident was due to that defect. In *Goodrich* v. *New York Central & Hudson River Railroad*, 116 N. Y. 398, there was no question that the injury was caused by a defect in the bumper. But such cases do not dispose of the present. It was lawful for the defendant to receive a car from another railroad, with a drawbar different in make and height from that which it used itself. It was lawful for it to couple such a car with its own. So far as appears, both cars were in proper condition. The difference in height was not a defect for which the defendant was answerable, either at common law or by statute. *Pennsylvania Co.* v. *Ebaugh*, 144 Ind. 687. The defendant was not called on to make preliminary measurements, and to warn the plaintiff of the possible difference before setting him to work. The possibility was obvious in a car coming from a different road. *Michigan Central Railroad* v. *Smithson*, 45 Mich. 212, 220. So far as appears, the cars might have been coupled successfully, if not with a straight link, then with a crooked one. It does not appear that the defendant failed to furnish whatever appliances were necessary to do the work. It was not the defendant's duty to see that the plaintiff or his fellow servants picked out suitable ones, if it furnished them. All that we can say is, that an experienced man was set to do a dangerous thing and met the consequences of failure. We cannot see evidence that the failure was due to the defendant's fault. See *Michigan Central Railroad* v. *Smithson*, 45 Mich. 212; *Fort Wayne, Jackson, & Saginaw Railroad* v. *Gildersleeve*, 33 Mich. 133; *Pennsylvania Co.* v. *Ebaugh*, 144 Ind. 687; *Toledo, Wabash, & Western Railway* v. *Black*, 88 Ill. 112; *Baldwin* v. *Chicago, Rock Island, & Pacific Railway*, 50 Iowa, 680; *Hulett* v. *St. Louis, Kansas City, & Northern Railway*, 67 Mo. 239; *St. Louis, Iron Moun-*

*tain, & Southern Railway* v. *Higgins,* 44 Ark. 293 ; *McDonald* v. *Norfolk & Western Railroad,* 95 Va. 98 ; *Norfolk & Western Railroad* v. *Brown,* 91 Va. 668, 672 ; *Kohn* v. *McNulta,* 147 U. S. 238.                                    *Judgment on the verdict.*