## FREDERICK W. POWERS *vs.* BOSTON AND MAINE RAILROAD.

Suffolk.   January 19, 1900. — March 2, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Personal Injuries — Master and Servant — Evidence — Due Care.*

At the trial of an action for injuries occasioned by an alleged defective step evidence offered by the plaintiff of the condition of the step a month before and a week after the accident, in the absence of evidence that its condition then and at the time of the accident was the same, was properly excluded ; and if, after the introduction of evidence that the condition· of the step during that period remained unchanged, the offer was·not renewed, the plaintiff had no ground of exception.

At the trial of an action for injuries occasioned by an alleged defective step on the side of a locomotive engine the testimony of a master mechanic employed by the defendant as to the condition of the step on the day of the accident was plainly admissible.

At the trial of an action for injuries occasioned by an alleged defective step on the side of a locomotive engine upon which the plaintiff, an experienced brakeman in the employ of the defendant in obedience to an order of the conductor under whose direction he was working, stepped while the engine was in motion, the judge properly instructed the jury that the plaintiff must show that he was in the exercise of due care ; that if he undertook to get on the side step of a moving engine he should have taken such a position as due care required of a prudent person in view of the danger to be apprehended from a misstep or any mistake in obtaining a foothold upon the engine ; and that if, knowing that there was a safer way to ride upon the engine, he placed himself unnecessarily and without the prudence of an ordinarily careful man in a dangerous position and thereby contributed to the injury, he would not be entitled to recover.

TORT, for personal injuries sustained by the plaintiff while in the defendant's employ.   Trial in the Superior Court, before *Bond,* J., who allowed a bill of exceptions in substance as follows. There was evidence tending to show that the plaintiff, who was an experienced brakeman, was in 1893 employed by the defendant as a brakeman in its freight yard in Boston ; that on March 31, 1893, the day of the accident, he was ordered by one of the defendant's conductors, under whose orders and directions he was working, to get upon a shifting engine while it was moving at the rate of about five miles an hour ; that he ran towards it, grasped two of the handles on the right-hand side of the engine,

and stepped on the step, which gave way, causing him to fall under the engine.

One Gould, called as a witness by the plaintiff, having testified that he had not seen the step of the engine for a month before the accident, but had examined it a week after the accident, the plaintiff's attorney asked him to state the extent of his examination and the condition in which he found the step. The judge excluded the evidence, and the plaintiff excepted and did not renew the offer of such testimony at any time during the trial.

One Barrett, called as a witness for the defendant, testified that he was a master mechanic in charge of the defendant's shops, and had made an examination of the step in question on May 17, 1893, and found all the bolts and nuts which went through the treads of the step rigid and solid ; that he had noticed the step for every day for six weeks or two months prior to that date, because he had occasion to pass the engine five or six times daily on his way to and from the shops, and that the condition of the step in March, April, and May, 1893, and at the time it was exhibited in the court-room was the same.

The engineer in charge of the engine at the time of the accident, called as a witness by the defendant, testified that he was a machinist and understood the construction and repair of an engine ; that if bolts on it became loose, it was his duty to tighten them; and was provided with sufficient tools for that purpose ; but that the step at the time of the accident was rigid and not loose.

The judge instructed the jury that in order to entitle the plaintiff to recover he must show that he was in the exercise of due care and did not contribute to the accident by his own negligence ; that to some extent any misstep by a person who undertakes to get on the side step of a moving engine is hazardous ; that if the plaintiff undertook so to do, he should have taken such a position upon the moving engine as due care requires of a prudent person in view of the danger to be apprehended from a misstep or any mistake in obtaining a foothold upon the engine; that if, knowing that there was a safer way to ride upon the engine, he placed himself unnecessarily and without the prudence of an ordinarily careful man in a dangerous position and thereby contributed to the injury, he would not

be entitled to recover ; that if the bolts in the step had become loose or if the bolt heads on the step had been worn off by use, and if it was the duty of the engineer to tighten the bolts or replace them with others, and he had neglected so to do, and if the defendant had provided him with the necessary tools and implements therefor, the negligence, if any, which caused the plaintiff's accident was the negligence of a fellow-servant, for which the defendant was not liable.

The jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*N. L. Foster*, for the plaintiff.

*W. I. Badger*, for the defendant.

HAMMOND, J.   1.  We do not see that the plaintiff was prejudiced by the exclusion of the questions to Gould.   It does not appear what the plaintiff expected to prove by the answers, but even assuming that the answers would have tended to support the plaintiff's case, there was no offer to show that the condition of the step for a month before or a week after the accident had been practically the same.   The judge in the exercise of his discretion might properly exclude the evidence at that stage of the case.   If the subsequent evidence, especially that of Barrett, tended to show that the condition of the step was practically the same for a month before or a week after the accident, the plaintiff should have renewed the offer.   Not having done that, he has no cause of complaint.

2.  The testimony of the witness Barrett was as to the condition of the step on the day of the accident, and was plainly admissible.

3.  The rule of due care laid down by the court is to be interpreted with reference to the circumstances, one of which was the fact that the plaintiff was an experienced brakeman, and it was correct.

The plaintiff has not argued his exception to the other portions of the charge, and we do not further notice them, except to say that in substance the court followed the law as laid down in the decisions of this court.   *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209, and cases there cited.   *Moynihan* v. *Hills Co.* 146 Mass. 586.   *Murphy* v. *American Rubber Co.* 159 Mass. 266.   *Young* v. *Boston & Maine Railroad*, 168 Mass. 219.

*Exceptions overruled.*