JOHN J. KLEINE, Appellant, v. S. E. FREUNDS SONS SHOE & CLOTHING COMPANY, Respondent.

**St. Louis Court of Appeals, December 3, 1901.**

1. **Master and Servant:** REASONABLY SAFE APPLIANCES. The rule that a master is bound to provide his servant with reasonably safe appliances with which to work has no application, when the servant is himself employed by the master to repair the defect and had theretofore repaired it.

2. ———: ———. When the risk assumed by a servant is not only known to him, but is obvious to him, he can not recover for an injury caused under such circumstances.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*Aug. Rebenack* for appellant.

The trial court erred in sustaining defendant's motion for a new trial.   Beard v. American Car Co., 63 Mo. App. 382; Musick v. Dold Packing Co., 58 Mo. App. 322; McMullen v. Railroad, 60 Mo. App. 23; Ellingson v. Railroad,

60 Mo. 679; Stephens v. Walpole, 76 Mo. App. 213; Harriman v. Kansas City Star Co., 81 Mo. App. 124; Duerst v. St. Louis Stamping Co., 63 S. W. 823; Southern Pac. Co. v. Yeargin, 109 Fed. Rep. 436.

*Jos. S. McIntyre* and *Adiel Sherwood* for respondent.

(1)  Appellant must show that he was prejudiced by the action of the court in granting a new trial, for the matter rests peculiarly within its discretion.    Taliaferro v. Evans, 160 Mo. 380.   In short, appellant is bound to show as a matter of law, that the trial court erred in granting a new trial for the reason given by that court in so doing.   Chouquette v. Railroad, 152 Mo. 257; Lee v. Publishers Geo. Knapp & Co., 137 Mo. 385; Folding Bed Co. v. Railroad, 148 Mo. 478; Van Liew v. Barrett Co., 144 Mo. 509.   (2)   There was no legal connection shown between the negligence alleged and the injury which appellant claims resulted therefrom. Nothing is better settled than that the negligence alleged must be the proximate and not the remote cause of the injury. Henry v. Railroad, 76 Mo. 288; Kuhn v. Jewett, 32 N. J. Eq. 647; Breen v. Cooperage Co., 50 Mo. App. 213; Brown v. Lumber Co, 65 Mo. App. 166; Current v. Railroad, 86 Mo. 62.   (3)   And "no negligence can be predicated of a defect equally obvious to the master and servant."   Epperson v. Tel. Co., 155 Mo. 346; Berning v. Medart, 56 Mo. App. 450; Devitt v. Railroad, 50 Mo. 302.

BLAND, P. J.—The appellant was employed by respondent to move packages of goods packed in boxes and barrels from the lower to the upper floors of their storeroom by means of an elevator operated by electricity and moved up or down by the operator pulling a wire rope.   This rope became frayed and small sharp particles of wire stuck out from the body of the rope.   Appellant, whose hands were very tough

and hard, on several occasions extracted some of these small pieces of wire from his hands after having used the rope. He called the attention of one of the respondents to the condition of the wire, who told him to hammer down the wire. He tried the hammer on the wire but it did no good; then on his own motion he tried rubbing the wire down with a piece of hard wood. This proved effectual in removing the slivers of wire and, after the rubbing down, the wire remained smooth for several weeks but it again became frayed and appellant continued to use it in this condition, without rubbing it down again with the piece of hard wood or without calling the attention of respondent to its condition.

After using it in this condition for sometime his thumb became sore and painful and finally became so sore that he had to quit work and call in a physician.

The physician testified that he found the thumb in a septic condition and badly swollen. In his efforts to save the thumb the doctor made two operations at different times, taking out each time a portion of the bone, which was rotten, but finally in order to save the hand he was compelled to remove the whole of the thumb. He testified that the condition of the thumb was caused by some foreign substance penetrating it. In making one of the operations he took out a foreign substance and laid it on a table but being called away suddenly he did not examine it to see what it was. A bystander did examine it and discovered that it was a small particle of wire about the size of a pin or needle point and about one-sixteenth of an inch long. The wire was exhibited in court and identified by a little girl (who had run the elevator at the same period that appellant did) as a piece from the respondent's elevator rope.

Appellant's evidence showed that the employees of respondent, who conducted the elevator for the carriage of respondent's customers from one floor to another of the store,

used a rag of several thicknesses that was hung to the wire, to pull the rope.

At the close of appellant's evidence the respondent offered a demurrer to the evidence which was by the court overruled, and the issues were submitted to the jury on instructions. The jury returned a verdict for appellant assessing his damages at six hundred dollars. Respondent filed a motion for a new trial, which was by the court sustained on the ground that the court, at the close of appellant's evidence, should have instructed the jury to return a verdict for the respondent. Whether or not the demurrer to the evidence should have been sustained is the question presented by this appeal for our decision.

The evidence clearly shows that the wire rope was in a defective condition and that this condition was as well known to the appellant as to the respondent. It also shows that the means of making it safe were simple, easy, and at the command of the appellant and that he was better informed of the means of making the rope safe than was respondent. It is further shown that when respondent was first informed of the condition of the rope he directed the appellant to remedy the defect, and that appellant did remedy it and made no further complaint. The evidence also shows that after the rope became frayed the second time, the respondent was not informed of the fact by appellant and that he continued to use it with a full knowledge of its condition and the danger incident to its use, without an effort to rub it down with the hard-wood stick and make it safe. In this state of the evidence we think there are at least two legal barriers to appellant's right of recovery.

The first is, he was employed himself by his employer to repair the defect and had theretofore repaired it. In such circumstances the rule that a master is bound to provide his servant with reasonably safe appliances with which to work has no application. Allen v. Galveston, H. & S. A. Railway

Co., 37 S. W. 171. The second is, the risk was not only known to appellant but it was obvious to him. By using the rope in such circumstances he assumed the risk of injury to his hands. Porter v. The Hannibal & St. Joseph Railroad Company, 71 Mo. l. c. 77, and cases cited; Northern Pacific Railroad Company v. Everett, 152 U. S. 107; 1 Bailey on Personal Injuries Relating to Master and Servant, sec. 503. The appellant, according to his own evidence, was guilty of concurring negligence and can not recover. Epperson v. Postal Tel. Cable Co., 155 Mo. 346; Marshall v. Hay Press Co., 69 Mo. App. 256.

The judgment is affirmed. All concur.