GEORGE ELLIS *vs.* EDWIN D. THAYER, JR.

Norfolk.    January 16, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions. *Negligence,* Employer's liability.

In an action for injuries caused by a loose pulley coming off a shaft in the defendant's mill, the plaintiff offered evidence that four years before the accident the pulley came off the shaft in the same way. The judge admitted the evidence on the condition, that unless further evidence was offered that the machines remained the same, he should order this evidence stricken out, if called to his attention. At the close of the plaintiff's case the attention of the judge was called to the fact that no such further evidence had been offered, and he thereupon ordered the evidence to be stricken out. This order was made in the absence of the jury, but the judge's attention was not called to their absence, and the evidence was not mentioned again by anybody until several days after the trial. *Held,* that the admission of the evidence in the manner stated and the subsequent order striking it out were within the discretion of the judge, and not the subject of exception, and that the objection that the judge had failed to instruct the jury about the evidence being stricken out was not open to the defendant, as he did not take it at the trial.

In an action by a card stripper for injuries caused by a collar, holding a loose pulley in place, coming off a shaft in the defendant's mill, owing to a screw not being tightened properly, it was *held,* that it could be found, that the duty of fastening the collar properly and keeping it so fastened pertained to the care of the machinery apart from the operation of it, and was a branch of the business for which the defendant was responsible, the servants to whom he intrusted this work being his representatives.

In an action by a card stripper for injuries caused by a collar, which held a loose pulley in place, coming off a shaft in the defendant's mill, owing to a screw not being tightened properly, evidence that for a long time before the accident the collar had not been inspected to see whether it was firmly fastened, would justify a jury in finding that there was negligence on the part of the defendant, or those who represented him in the care of the machinery, in not discovering that the screw failed to hold the collar properly.

TORT by a card stripper for injuries in the defendant's mill at East Dedham, from being struck by a loose pulley alleged to have come off a shaft owing to a screw not being tightened properly.    Writ dated March 16, 1901.

In the Superior Court the case was tried before *Mason,* C. J. The jury returned a verdict for the plaintiff in the sum of $1,200 ; and the defendant alleged exceptions.

*S. R. Spring,* (*H. R. Bygrave* with him,) for the defendant.
*E. Greenhood,* for the plaintiff.

KNOWLTON, C. J. The plaintiff while employed as a card stripper in the defendant's factory, was injured by a loose pulley which came off from a shaft and struck him. The pulley, when in use, is held in its place near the end of the shaft by an iron collar which surrounds the shaft at the end, and is fastened there by a screw which passes through the collar and engages the shaft. There is, or should be, a small slot in the shaft to receive the screw. The evidence tended to show that this screw was not turned up to its place, and that the collar and pulley came off from the shaft because at that time there was nothing to hold them on. The first exception relates to the admission of testimony. A witness was called to testify that once previously, about four years before this accident, the collar and pulley came off. The judge ruled, subject to the defendant's exception, that the question might be answered on the condition that, unless further evidence should be offered that the machines remained the same, the judge would order it stricken out if called to his attention, and the counsel for the defendant thereupon said, "I will call your honor's attention to it." At the close of the plaintiff's case the attention of the judge was called to the fact that the evidence had not disclosed that the machine remained unchanged, and the judge thereupon ordered the evidence stricken out. This order was made in the absence of the jury, but the judge's attention was not called to the jury's absence, and neither the counsel nor the judge referred to this evidence again until several days after the end of the trial.

The ruling excepted to was within the discretion of the judge. The meaning and effect of it was, that, for reasons satisfactory to the judge, the testimony might be heard then, with an understanding that it would not be considered as evidence unless afterwards supported by other testimony which would make it competent. Of course, testimony should not be received in this way if it is of a kind which will be likely to prejudice the jury notwithstanding that it is subsequently stricken from the case, and an instruction given that they are not to consider it. But sometimes it is convenient and not harmful to receive testimony in this way, and ordinarily the decision of the presiding justice on a question of this kind should be treated as final. The ruling

excepted to contemplated striking the evidence from the record
in a way which would leave the case as if it never had been pre-
sented.　This would involve an instruction to the jury to disre-
gard it unless they already understood the ruling under which it
was received; and the defendant's counsel, who undertook to
bring the matter to the court's attention, must have known this.
The evidence was subsequently stricken from the record at the
defendant's request, and the manner of doing it probably was
satisfactory to the counsel at the time.　It relieved him of all
effect of it upon the contention which he made at the trial, and
which he made in this court, that there was no evidence to war-
rant a verdict for the plaintiff.　Except upon this contention,
very likely he did not consider the evidence important.　He
doubtless understood with the judge, that the testimony was
taken out of the case for all purposes, and he made no objection
or request in regard to it.　Moreover, if the jury were attentive
to the ruling when the testimony was received, they must have
known that in the absence of additional proof, it was not to be
regarded.　We are of opinion that under these circumstances he
should not be permitted to have the benefit of an exception
founded upon the failure of the judge to instruct the jury about
it, when the only exception that he took was to a matter within
the discretion of the court.

The only other exception argued is to the refusal of the judge
to order a verdict for the defendant.　An important question
was whether the failure to have the collar properly fastened by
the screw, was due to the negligence of a servant, for which the
master would not be responsible to a fellow servant, or to negli-
gence in the care and inspection of machinery for which the
master would be liable.　This was a question of fact on the evi-
dence.　The weight of the evidence tended to show that the
fastening of the collar by the screw was a part of the permanent
adjustment of the parts, with which the workmen operating the
machine had nothing to do in the performance of their duties.
There was no occasion in the use of the machine, or in stripping
the cards, to remove the collar or to touch this screw.　The duty
of fastening the collar properly and keeping it so fastened per-
tained to the care of the machinery, apart from the operation of
it, and was a branch of the business for which the master was

responsible; and servants to whom he intrusted it were his representatives, working in his own field. *Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198. *Moynihan* v. *Hills Co.* 146 Mass. 586.

There was evidence that the collar had not been inspected to see whether it was firmly fastened, for a long time before the accident, and it was a question for the jury to decide whether there was negligence on the part of the defendant, or those who represented him in this department of his business, in not discovering that the screw failed to hold the collar properly.

There was evidence to warrant the jury in finding that the plaintiff was in the exercise of due care. We are of opinion that the request for instructions was rightly refused.

*Exceptions overruled.*