FREDERICK FORD *vs.* EASTERN BRIDGE AND STRUCTURAL COMPANY.

Worcester.   October 3, 1906. — October 16, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, & BRALEY, JJ.

*Negligence,* Employer's liability.

In an action by a workman in a factory for making bridge materials against his employer under R. L. c. 106, § 71, cl. I, for personal injuries from a defect in the ways, works or machinery of the defendant, there was evidence that the plaintiff was injured from being struck by heavy iron trusses which fell owing to the breaking of the chain by which they were being hoisted, that the link which broke was crystallized by reason of constant use, that the existence of crystallization cannot be determined on inspection even by an expert but that

it can be prevented by annealing, and that chains in constant use should be annealed every six months to prevent crystallization, that the chain which broke was lying on the floor and was used generally every day and was put around the trusses by a fellow workman of the plaintiff, that there were ten or twelve larger chains about the shop where the plaintiff and his fellow workman were at work, that if the chain used had had its apparent strength it would have been more than sufficient to bear the weight of the trusses but that owing to the crystallization of the link that broke it did not have one half of its apparent strength. *Held*, that the evidence warranted a finding that the furnishing of such a chain among others for use by the plaintiff was negligence on the part of the defendant, and that the fact that the defendant furnished a number of stronger chains did not help its case.

Tort, against a corporation engaged in the manufacture of bridge building materials and bridges, for personal injuries incurred on September 22, 1905, while in the defendant's employ from the breaking of a chain by which heavy iron trusses were being lifted, with three counts, the first at common law alleging negligence of the defendant in adopting and maintaining an insufficient chain as part of its apparatus, the second under the employers' liability act alleging negligence of a superintendent, and the third also under the employers' liability act alleging a defect in the ways, works or machinery of the defendant. Writ dated October 16, 1905.

At the trial in the Superior Court before *Maynard*, J. the defendant at the close of the evidence asked the judge, among other rulings, to rule that on all the evidence the plaintiff could not recover and the verdict must be for the defendant, and that the plaintiff could not recover on the third count of his declaration; that the chain as used was not part of the ways, works or machinery of the defendant. The judge refused to make these rulings. He ordered a verdict for the defendant on. the first and second counts of the declaration and submitted the case to the jury on the third count.

The jury returned a verdict for the plaintiff on the third count in the sum of $150; and the defendant alleged exceptions, which after the death of *Maynard*, J. were allowed under R. L. c. 173, § 108, by *Pierce*, J.

*H. Parker*, *C. C. Milton & D. F. Gay*, for the defendant.

*J. R. Thayer*, *H. H. Thayer & J. F. McGovern*, for the plaintiff.

Loring, J. In the case at bar the plaintiff was working for the defendant with one Damouchelle, a fellow servant. In order

to raise two iron trusses, Damouchelle took a chain lying on the floor and generally used every day, passed it around them, hooked on the fall and directed the plaintiff to pull on one end of the trusses as they were raised by the engine. When the trusses had been hoisted about a foot off the floor, one of the links of the chain broke and the end of the trusses struck the plaintiff, causing the injury here complained of. There was evidence that the link which broke was crystallized and that this crystallization was caused by constant use ; that a chain made up of links of the size of the link in question, not crystallized, would bear more than twenty-two hundred pounds, and only nine hundred to one thousand pounds when crystallized. The two trusses weighed from sixteen hundred to seventeen hundred pounds. It further appeared that the fact of crystallization cannot be determined on inspection even by an expert, but that it can be prevented by annealing the chains, and that chains in constant use should be annealed every six months, to prevent crystallization. It appeared that there were ten or twelve larger chains around the shop where Damouchelle and the plaintiff were at work.

There is no question of the right of the jury on this evidence to find that the chain in question had not been annealed within six months, that for that reason it had become crystallized, and being crystallized it broke and caused the accident. And further, that when crystallized it did not have half its apparent strength. To furnish such a chain among others for use is plainly negligence on the part of an employer.

The difference between the case at bar on the one hand and *Thyng* v. *Fitchburg Railroad,* 156 Mass. 13, and *Young* v. *Boston & Maine Railroad,* 168 Mass. 219, on the other hand is that in the latter two cases the condition of the pin was apparent on inspection. The defect in question in *Miller* v. *New York, New Haven, & Hartford Railroad,* 175 Mass. 363, was treated as a defect of the same kind. The negligence in the case at bar consists in furnishing a chain which through the defendant's negligence had not half its apparent strength. It does not help the defendant to show that it furnished a number of stronger chains. Had the chain in question had its apparent strength it would have carried the load.

*Exceptions overruled.*