PATRICK J. DONAHUE *vs.* C. H. BUCK AND COMPANY.

Suffolk.    December 11, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence,* Employer's liability.

Where the employees of a painter constructed a staging, for use on a certain job, from blocks, falls, ropes and ladders furnished by him for permanent use on that and other jobs, the mere fact that the method of using the parts was that, after having been used on a job, they were separated and not reassembled until again needed for a staging, does not make the staging so temporary a structure as not to be a part of the ways, works and machinery of the employer within the meaning of R. L. c. 106, § 71, cl. 1.

The declaration in an action of tort by an employee against his employer to recover for personal injuries contained counts under R. L. c. 106, § 71, cl. 1, 2, alleging defects in the ways, works and machinery used by the defendant and negligent superintendence, and counts at common law alleging defective appliances and failure to instruct and warn the plaintiff thereof. At the trial it appeared that the plaintiff's injury was due to the falling of a staging upon which he was working as a painter. The defendant made his stagings from blocks, falls, ropes and ladders which he kept for that use, the parts being assembled when needed for a job and taken apart when the job was finished and kept in his shop until again needed. The plaintiff had been instructed that blocks and falls to be used were hung on pegs in a certain room, and that defective ones were marked as condemned and kept in a pile on the floor. The plaintiff and a fellow workman were directed by the defendant's superintendent, who had general charge of its business, to procure three blocks and falls of a certain length for the staging in question and, going to the room where blocks and falls were kept, found only three of the required length hanging on pegs, although there also were three others of greater length upon the pegs, and delivered the three of the required length to the superintendent who sent them to the place where the work was to be done, but did not go himself. The assembling of the parts and the construction of the staging were done by the plaintiff and his fellow workmen. There was testimony by an expert that the staging fell because a rope strap on one of the blocks broke due to its being worn or chafed inside and its fibres having become somewhat " weathered " or rotten by chafing where they came in contact with the block. *Held,* that there was evidence for the jury from which they would have been warranted in finding for the plaintiff, either on the ground that there was a defective condition of the ways, works and machinery, or appliances of the defendant due to his negligence, or on the ground that there was negligence on the part of the superintendent for which the defendant was liable; and *also* that it could not be said as a matter of law either that the plaintiff was negligent or that he assumed the risk of the injury.

TORT for personal injuries received by the plaintiff, a painter, while in the employ of the defendant, by reason of the falling

of a staging upon which he was working in the course of his duties, the first count being under R. L. c. 106, § 71, cl. 1, alleging that the injury was due to defects in the ways, works and machinery of the defendant, the second count being under cl. 2, alleging that the cause of the injury was negligent superintendence, and the third and fourth being at common law, alleging respectively that the cause of the injury was a failure of the defendant to provide and maintain safe and suitable appliances for the use of the plaintiff, and a failure to instruct and warn the plaintiff that the staging was unsafe, unsuitable and defective. Writ in the Superior Court for the county of Suffolk dated February 18, 1905.

At the trial, which was before *Dana,* J., the plaintiff testified that he had been a painter for twenty years and had worked ten or twelve years for the defendant, that the superintendent of the defendant, who had general charge of its business, one Donovan, directed him and one Reynolds to " get out the stock for a job, and three short falls," that he asked how long falls to get out, and that Donovan replied " Thirty or thirty-five foot falls." The various falls were kept in a room at the shop, and had numbers indicating their length stencilled upon them. He always had been instructed to use the falls that were hung on pegs, that falls tagged " condemned " were on the floor in a pile at one side of the room, and that they were told not to use them. When the plaintiff and Reynolds went to get the three falls that they were directed to get, they found that there were but six falls in all on pegs, one a twenty-five foot fall, one a thirty foot, another a thirty-five foot, and the other three no nearer thirty feet long than eighty or one hundred feet. They took the three shortest falls.

Donovan did not accompany the men to the job, and the plaintiff was not told to take charge. As a matter of fact, being the senior workman, he was in charge of the job in question. He and Reynolds arranged the falls and rigged the staging. The plaintiff had nothing to do with the stringing of falls.

A witness for the plaintiff who qualified as an expert on the textile strength of ropes testified that the rope strap which broke exhibited a wearing, or chafing, inside, and that the fibres inside

seemed to have become somewhat weathered, or rotten, by chafing, where they came in contact with the block.

Other facts are stated in the opinion.

At the close of the plaintiff's case the presiding judge directed a verdict for the defendant, and the plaintiff excepted.

*W. R. Bigelow,* (*L. L. Green* with him,) for the plaintiff.

*E. K. Arnold,* (*S. H. Batchelder* with him,) for the defendant.

BRALEY, J. The plaintiff, while at work for the defendant as a painter, was injured by the fall of a staging caused by the breaking of a rope strap on the block of one of the falls by which it had been suspended. In the performance of their work, the men constructed the staging from separate, but in themselves complete and permanent appliances, used by the defendant in the prosecution of its business. If the staging was temporary in the sense that, after having been used on one job, the parts were separated, yet the separation was only for convenience, as when next required they would be again combined. It was incumbent upon the defendant under these conditions, whether at common law or under R. L. c. 106, § 71, to provide reasonably safe, complete appliances, which the plaintiff in common with his fellow workmen could use in the performance of their work. A failure to make such provision or to warn the plaintiff of defects which were not obvious and exposed him to risk of injury furnished evidence of the defendant's negligence. *Feeney* v. *York Manuf. Co.* 189 Mass. 336. *Ford* v. *Eastern Bridge & Structural Co.* 193 Mass. 89, 94.

After having been placed in position, upon being subjected to the ordinary strain, the rope strap broke, and an examination showed that it had become worn, rotten, and unfitted for use. The plaintiff's expert was of opinion that, if it had been sound, it would have safely sustained a much heavier load. Upon this evidence the jury could say not only that it was unfit for use, but also that the defendant in the exercise of reasonable diligence should have been aware of its defective condition. *Graham* v. *Badger,* 164 Mass. 42, 48. *McMahon* v. *McHale,* 174 Mass. 320. *Ellis* v. *Thayer,* 183 Mass. 309.

The construction of the staging having been left to the workmen, the defendant would have been freed from liability if it had provided a supply of suitable blocks from which three falls

of the length which the plaintiff and his fellow workman were directed to get could have been selected. *Adasken* v. *Gilbert*, 165 Mass. 443, 445. *Miller* v. *New York, New Haven, & Hartford Railroad*, 175 Mass. 363. But from the evidence it appears that, upon examination, there were only three falls of this kind available or at their disposal, including the one with the defective block, and, having neglected to provide a suitable supply from which a further selection could have been made, the defendant fails to sustain this defence.

There also is a count for negligence of the superintendent. All the arrangements for painting the building were made by the defendant's superintendent, who selected the stock, designated the necessary supplies to be used and despatched the men. If the jury were satisfied that he either knew, or in the exercise of reasonable diligence ought to have known, of the defective fall, and directed its use, then the accident which followed could have been found attributable to his negligence in-superintendence. *Collins* v. *Greenfield*, 172 Mass. 78. *Feeney* v. *York Manuf. Co., ubi supra.*

It cannot be said as a matter of law upon the plaintiff's evidence either that he was careless, or that he assumed the risk, but this question also should have been submitted to the jury. In removing the falls from the peg where they hung, the plaintiff testified that he did not notice anything which indicated that they were unsound, and the dry rot which caused the weakness had not changed their outside appearance. There was no obligation resting upon him to inspect the block, and he had the right to rely on the presumption that the defendant had provided reasonably safe instrumentalities. *Feeney* v. *York Manuf. Co., ubi supra. Garant* v. *Cashman*, 183 Mass. 13, 18, 19.

*Exceptions sustained.*