(164 App. Div. 160)

### DOYLE v. ATLANTIC STEVEDORING CO.

(Supreme Court, Appellate Division, Second Department. November 6, 1914.)

NEGLIGENCE (§ 134*)—SUFFICIENCY OF EVIDENCE—BREAKING OF CHAIN.

Evidence merely that the broken link of a hoisting chain showed internal crystallization, and that to restore their strength such chains should be annealed after six months' constant use, is insufficient to show negligence; there being no evidence of how long the chain had been used, and plaintiff's evidence showing such crystallization might take place in four months.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 267–270, 272, 273; Dec. Dig. § 134.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Kings County.

Action by John Doyle against the Atlantic Stevedoring Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Bertrand L. Pettigrew, of New York City, for appellant.

John C. Robinson, of New York City, for respondent.

PER CURIAM. Plaintiff's evidence went only to the indications which the broken link showed, namely, internal crystallization, without any defect of material or in the process of original construction. The restorative remedy to anneal such hoisting chains after six months of constant use, as testified to, necessarily required proof of such a continued use before defendant could be charged with neglecting that precaution. Plaintiff had to show the facts, and all of them, from which an inference of the particular act of negligence could be drawn. Egan v. Dry Dock, East Broadway & Battery R. R. Co., 12 App. Div. 556, 564, 42 N. Y. Supp. 188; DeGraff v. N. Y. C. & H. R. R. Co., 76 N. Y. 125, 131.

The indications supplied by the break did not do this, because, on plaintiff's own showing, such crystallization might take place in but four months. Without evidence of how long the chain had been used, plaintiff did not make out his case. Thus, in the authority relied on by appellant, the court were careful to say:

"There is no question of the right of the jury on this evidence to find that the chain in question had not been annealed within six months." Ford v. Eastern Bridge & Structural Co., 193 Mass. 89, 91, 78 N. E. 771.

Likewise, where a rod had become crystallized by continued mechanical vibration, and the preventive measure of annealing was testified to, there was the established fact that this continued strain had gone on for two years before the accident. Moynihan v. Hills Co., 146 Mass. 586, 16 N. E. 574, 4 Am. St. Rep. 348.

The judgment of dismissal of the complaint is therefore affirmed, with costs.