## Taylor *vs.* The State of Georgia.

When a case in this court has been dismissed and it is sought to reinstate it, the rule of practice is for counsel in his place in open court to state his grounds for reinstatement, or to make an affidavit of the truth of the grounds.

April 8, 1889.

Practice in Supreme Court. Motion to reinstate.

Reported in the decision.

J. A. Hunt, by brief, for movant.

No appearance *contra*.

The Savannah, Florida and Western Railway Company vs. Flannagan.

SIMMONS, Justice.

When the case was called in its order on the docket of this court, no counsel appeared for the plaintiff in error, nor was there any brief filed in the case. The case was therefore dismissed for want of prosecution. Subsequently counsel for the plaintiff in error appeared and moved in writing for a reinstatement of the same, upon the ground that he was detained from the court by providential cause. The hearing of his motion was put to the heel of the docket of the October term. All the cases on that docket having been disposed of, this motion comes up in its order.

The rule of practice in this court, when a case has been dismissed and it is sought to reinstate the same, is for the counsel in his place in open court to state his grounds for reinstatement, or to make an affidavit of the truth of the grounds. Neither was done by the counsel in this case. He made no statement in his place in open court, nor has he filed an affidavit to the truth of the grounds of his motion. It is true that attached to his motion there is an affidavit with his name signed thereto, but it is not sworn to before an officer authorized to administer an oath, or indeed before any one else; and for this reason we decline to reinstate the case.

Motion denied.