EDWARD BOOTH, Respondent, v. KANSAS CITY & INDEPENDENCE AIR LINE, Appellant.

Kansas City Court of Appeals, November 7, 1898.

1. **Master and Servant**: CONTINUANCE IN EMPLOYMENT WITH KNOWLEDGE OF DEFECTS: CONTRIBUTORY NEGLIGENCE. Mere continuance of the servant in the employ of the master with knowledge of defects of an appliance causing the injury will not necessarily preclude the right of recovery unless the defect was so glaring that obviously, with the utmost caution, the danger was still imminent so that none but a careless man would incur it, and such were not the conditions in this case.

2. ———: ———: ———. A distinction between a cause where both the defect in the instrumentality and the danger in the use thereof are patent and a case where the defect is obvious but the consequent danger is not, is pointed out and discussed.

*Appeal from the Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

TRIMBLE & BRALEY and SIMRALL & TRIMBLE for appellant.

(1) The court is not bound to accept plaintiff's theory of the cause of accident but will take judicial notice of the scientific facts involved to determine whether the theory advanced can be sustained. King v. Galleen, 109 U. S. 99; Gas Light Co. v. Ins. Co., 33 Mo. App.

348; Marshall on Ev., secs. 366, 371; 1 Greenl. on Ev. [15 Ed.], sec. 5. (2) It must affirmatively appear, not as a result of bare conjecture, but as a legitimate inference from the evidence that the defect was the proximate cause of the accident. Breen v. Cooperage Co., 50 Mo. App. 202; Searles v. Railroad, 101 N. Y. 661; Guthridge v. Railway, 105 Mo. 520; Friel v. Railway, 115 Mo. 503; Blanton v. Dold, 109 Mo. 64; Railroad v. Duffy, 35 Ark. 602. (3) If the risk or danger, if any, is such as to be perfectly obvious to the sense of an ordinary man, whether servant or master, then the servant assumes the risk. Keegan v. Kavanaugh, 62 Mo. 230; Burning v. Medart, 56 Mo. App. 443; Anderson v. Clark, 155 Mass. 368; Friedrick v. St. Paul, Sup. Ct. Minn. 1897; 3 Am. Neg. Rep., Current Series, p. 558; Claybaugh v. Railway, 56 Mo. App. 630; Winkler v. Basket Co., 137 Mo. 394; Railroad v. McCarthy, 64 Tex. 632; Alcorn v. Railway, 108 Mo. 81; Fugler v. Bothe, 117 Mo. 475. (4) Under the facts in this case the law presumes the plaintiff to have had knowledge of the danger. Walsh v. Railway, 27 Minn. 367; Erdman v. Steel Co., 95 Wis. 6; Way v. Railway, 40 Iowa, 341. (5) The plaintiff, knowing the condition of the claw bar and whatever danger attended such condition by using the claw bar in this condition, was guilty of contributory negligence. Bradley v. Railway, 138 Mo. 293; Claybaugh v. Railway, 56 Mo. App. 630; Beach on Contr. Neg., secs. 35, 36, 37.

D. C. ALLEN and W. J. HOLLIS for respondent.

(1) Plaintiff's knowledge of the battered condition of the claw bar is no bar to his right to recover. The undisputed evidence is, he did not know of the danger. Thorpe v. Railway, 89 Mo. 650; Convoy v. Iron Works, 62 Mo. 35; Keegan v. Kavanaugh, 62

Mo. 230; Stoddard v. Railroad, 65 Mo. 514; Flynn v. Railroad, 78 Mo. 195; Snow v. Allen, 8 Allen, 450; Guthrie v. Railway, 11 Lee (Tenn.), 372; 15 Am. and Eng. Railway Cases, 209. (2) The cause was properly submitted to the jury under proper instructions, and its duty under the evidence was to find for plaintiff, which it did. Blanton v. Dold, 109 Mo. 64; Smith v. Coal Co., 75 Mo. App. 177.

SMITH, P. J.—This is an action to recover damages for personal injuries. The plaintiff was a section man employed by defendant in working on its track.

One of the gang of section men engaged with plaintiff in the work assigned to them on defendant's track was endeavoring to draw a spike from a tie with a claw bar, which was an instrument about STATEMENT. five feet long, having a heel at the bottom opposite the claws, and finding that the claws would not go under the head of the spike, he requested the plaintiff to strike the heel of the claw bar with a steel hammer or maul, weighing some ten pounds, which was furnished by the defendant for that purpose. Accordingly the plaintiff struck the blow as requested, which resulted, as the plaintiff's evidence tends to prove, in the projecting of a sliver of steel from the heel of the claw bar into the plaintiff's eye, thus putting it out.

At the time the plaintiff struck the blow, the face of the heel of the claw bar was battered, having "little cracks on the edges," "cracked open and had scaled, too." Although in this defective condition, it had been in almost daily use for several months prior to the time of the injury. The plaintiff and defendant had for several months been alike aware of its defect.

The question now is, whether the plaintiff, with this knowledge in his undertaking to carry on the

work with the claw bar, thereby assumed the risk or was guilty of contributory negligence?

The mere continuance of the servant in the employment of the master with the knowledge of the defectiveness of the appliances causing the injury will not necessarily preclude the right of recovery. Smith v. Coal Co., 75 Mo. App. 177; O'Mellia v. Railway, 115 Mo. 205; Holloran v. I. & F. Co., 133 Mo. 470.

MASTER and servant: continuance in employment with knowledge of defects: contributory negligence.

When the defect is so glaring that obviously with the utmost caution the danger is still imminent, so that none but a reckless man would incur it, then if the servant will engage in the hazardous undertaking he must be held, as a matter of law, to be guilty of contributory negligence, But if the defective appliance, although dangerous, is not of such a character that it may not be reasonably used by the exercise of skill and diligence, the servant does not assume the risk. He is required to exercise the care incident to the situation in which he is placed, and whether he exercised that degree of care is a fact for the determination of the jury. Thorpe v. Railway, 89 Mo. 650; Convoy v. Iron Works, 62 Mo. 35. If the risk is such as to be perfectly obvious to the sense of any man, whether servant or master, then the servant assumes the risk. Fugler v. Bothe, 117 Mo. 475; Keegan v. Kavanaugh, 62 Mo. 230; Alcorn v. Railway, 108 Mo. 81.

This rule is alike applicable whether the case be one where the injury arises from the use of a defective appliance or from the unsafety or unsuitableness of a place in which the servant is required to perform the work assigned to him, or from the defective condition of any other instrumentality which he is required to use in the performance of the duties enjoined upon him by reason of his contract of employment. The

present case is quite distinguishable from the following: Devitt v. Railway, 50 Mo. 302; Aldridge v. Furnace Co., 78 Mo. 559; Flynn v. Railway, 78 Mo. 195; Hulett v. Railway, 67 Mo. 239; Devlin v. Railway, 87 Mo. 545; Burnes v. Railway, 129 Mo. 41; Fugler v. Bothe, *supra;* Keegan v. Kavanaugh, *supra;* Watson v. Coal Co., 52 Mo. App. 366; Marshall v. Hay Press Co., 69 Mo. App. 256; for in these cases the unavoidable inference arising from the uncontroverted facts was that the servant knew not only the defect or unsafety, but also the attendant and continuous danger arising from it to him; while here no such unavoidable inference arises as to the danger to be apprehended. The danger to be incurred from the use of the appliance was not of that obvious character that the plaintiff, as an ordinarily prudent person, can be held bound to have known it, or under legal obligation to have known it.

Cases other than those just cited from our own state reports might be instanced as illustrating the distinction between a case where both the defect in the instrumentality and the danger from the use thereof are patent and obvious to the senses and one, as here, where the defect is obvious but the danger consequent upon its use is not so. Beach on Contr. Neg., sec. 360. In the former class the master is exempt from liability while in the latter he is not. Thorpe v. Railway, 89 Mo. 650; Smith v. Coal Co., *ante.* The master is bound to furnish safe and sound materials, machinery, etc., for the use of the servant while engaged in the performance of the former's work. The latter by his contract of hiring is held to assume the risk of injury from ordinary dangers of the employment; that is to say, such dangers as are known to him, or discoverable by the exercise of ordinary care on his part. His right to recover will often

depend upon his knowledge or ignorance of the danger. If he knew of it, or was under legal obligation to know of it, it was part of his contract and he can not recover. Thomas v. Railway, 109 Mo. 187.

As said in Bradley v. Railway, 138 Mo. 293, on page 306 "the duty of the master requires him to observe care in protecting his servant when engaged in hazardous work, a continuance in the work by the servant after knowledge that proper precautions have not been taken for his safety, does not, in case of an injury therefrom bar a recovery as a matter of law on the ground of contributory negligence, unless the danger was so obvious that any man of ordinary intelligence and prudence would have observed and avoided it. In such case the primary duty of the servant is obedience and it is not expected that he will upon mere imaginary danger of which he may be conscious, assert his right to relinquish his employment. He naturally looks to his employer for the observance of all reasonable precautions and his continuance in the same when such precautions have not been observed, is rather to be attributed to confidence reposed in those to whose superior judgment he yields."

We do not think the danger was so patent as to charge the plaintiff as a matter of law with contributory negligence in not leaving the defendant's employment in order to avoid it. The fact that the claw bar in its defective condition had been used for some months previous to the happening of the plaintiff's injury without harm should be taken into consideration in determining whether a common laborer of ordinary prudence and foresight like plaintiff was shown to have been, would have anticipated and avoided the danger. It seems to us the question was one of fact for the jury to determine. An examination of the record has convinced us that the evidence adduced by

the plaintiff was ample to carry the case to the jury on every substantive allegation of his petition.

The defendant in its printed argument insists that there was no evidence adduced showing that the sliver which entered the plaintiff's eye was projected from the heel of the claw bar at the time it was struck by plaintiff with the steel hammer. In this view of the evidence we are unable to concur. From all the facts and circumstances which the evidence tends to establish we think the jury were fully justified in deducing the inference that the sliver which injured the plaintiff's eye proceeded from the claw bar when it was violently struck by the hammer in plaintiff's hands.

The theory of the defendant's refused instructions eight and ten is in effect asserted by its sixth which was given, so that no error was committed by the trial court in its action in refusing any of the defendant's instructions. No specific objection has been urged to the plaintiff's instruction and none has been perceived by us. So far as we are able to see the case was properly submitted to the jury whose verdict is conclusive on us.

The judgment will accordingly be affirmed. All concur.