JOHN FRANKLIN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 5, 1903.

1. **Master and Servant: SAFE APPLIANCE: NEGLIGENCE: EVIDENCE.** In an action for negligence, evidence of other independent and disconnected acts of negligence is not admissible, nor of a negligent act which could not contribute to the injury complained of.

2. ———: ———: ———: ———: NOTICE. Though a negligent act is in a sense collateral to the act complained of, yet if an inference may be drawn bearing upon the alleged negligence, evidence thereof is admissible; and so where the master furnished a lot of mauls from which the servant selected one, by reason of a defect in which he was hurt, he may in an action to recover damages for his injury show that the whole lot were "chipped, nicked, slivered and scaled," as from such fact the inference is deducible that the maul in question was defective and that the defendant had notice thereof.

3. ———: ———: ———: INSURER. The master must use reasonable and ordinary care in procuring appliances and in keeping them in repair. He is not required to furnish absolutely safe tools; and reasonable and ordinary care depends upon the nature of the appliance and the dangers to be encountered.

4. ———: ———: ———: PRESUMPTION: LATENT DEFECTS. The servant may presume that the appliances are reasonably safe and he does not have to search for latent defects, but uses tools with known defects at his own risk; he, however, is required to exercise care incident to the situation in which he is placed; and whether he does so is a question for the jury.

5. ———: ———: ———: ———. It is presumed that the appliance furnished is safe, and if injury results it is presumed the master had no notice of the defect and was not negligent; but in this case the defect in the mauls was known to the master and they were furnished to the servants with such knowledge.

6. ———: ———: ———: ———. Though the servant know of the defect in the maul he may recover for the injury resulting from the defect if he reasonably supposed he could use it with safety, and the fact that two kinds of mauls were furnished for the same work, one chipped and the other not, affords a basis for the inference that the chipped lot were defective.

7. ———: ———: ———: EVIDENCE: JURY QUESTION. A verdict founded upon inferences having no just basis in the facts, should not be permitted to stand, but on the evidence in this record the case was properly sent to the jury.

8. ———: ———: ———: ORDER OF MASTER. Where the master instructs the servant to use his maul in a certain way, the servant had a right to rely on his master's knowledge and judgment as to the strength of the maul and its adaptability to the use he was directed to put it, and the servant can not be said, as a matter of law, to be guilty of contributory negligence in so using it.

9. ———: ———: ———: PROXIMATE CAUSE: JURY QUESTION. The question whether plaintiff's injuries were occasioned by striking a spike with his maul or by striking it against another maul being a controverted issue of fact, was for the jury.

10. ———: ———: INSTRUCTION: WIDENING ISSUES. An instruction set out in the opinion, which after being modified was given by the court, is held not to have widened issues tendered by the pleadings, but if so it was properly given since no objection was made to the admission of the evidence on which it was based.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1)   The evidence did not establish negligence on the part of defendant.   The fact that plaintiff was injured is not enough to raise a presumption of negligence.   Blanton v. Dold, 109 Mo. 74; Bohn v. Railroad, 106 Mo. 429; Carvin v. St. Louis, 151 Mo. 334; Railroad v. Nelms, 9 S. E. (Ga.) 1049.   (2)   The defendant was not required to furnish absolutely safe tools to the plaintiff.   Its duty was to use such care as a person of common prudence would use in selecting tools reasonably safe for the purpose for which they were intended. The employer is not an insurer of the safety of the tools furnished by him. Blanton v. Dold, 109 Mo. 74; Bohn v. Railroad, 106 Mo. 429; Friel v. Railroad, 115 Mo. 503; Gutridge v. Railroad, 105 Mo. 520; Tabler v. Railroad, 93 Mo. 79; Bowen v. Railroad, 95 Mo. 268; Higgins v. Railroad, 43 Mo. App. 547; Marshall v. Hay Press Co., 69 Mo. App. 256; Krampe v. Brewing Co., 59 Mo. App. 277; Berning v. Medart, 56 Mo. App. 443; Muirhead v. Railroad, 19 Mo. App. 634; Conway v. Railroad, 24 Mo. App. 235.   (3)   Proof of the existence of a defect (if one actually existed) would not, of itself, establish a right of recovery.   It must appear, not as mere conjecture, but as a legitimate inference that the defect was the proximate cause of the injury, and that the defendant was chargeable with knowledge of it.   There was no such evidence in this case from which any such inference could be drawn.   Breen v. Cooperage Co., 50 Mo. App. 202; Brown v. Lumber Co., 65 Mo. App. 162; Covy v. Railroad, 86 Mo. 635; Current v. Railroad, 86 Mo. 62; Railroad v. Nelms, 9 S. E. (Ga.) 1049.   (4) The undisputed evidence clearly established that defendant had used all usual and reasonable care in procuring the mauls which it furnished to the gang of which plaintiff was a member, and that they were practically new at the time plaintiff was hurt.   There was no evidence tending to show anything to the contrary, or that defendant had any reason to suspect any defect.   Bohn v. Railroad, 106 Mo. 429, and other cases cited above. (5)   For the foregoing reasons the court erred in re-

fusing to sustain the demurrer to the evidence. (6) Moreover, plaintiff was guilty of negligence on his part, when he recklessly struck his maul against another one (the evidence leaves no room to doubt that that act was the cause of the injury) and that it was a thing that no prudent person would do. (7) The court erred in overruling the defendant's objection to evidence concerning the condition of any maul other than the one which caused the injury. Railroad v. Nelms, 9 S. E. (Ga.) 1049. (8) The court erred in amending defendant's seventh instruction, thereby enlarging the right of recovery beyond anything alleged in the petition. Brown v. Lumber Co., 65 Mo. App. 169; Covy v. Railroad, 86 Mo. 635. Nor was there any evidence to justify this amendment, even if it had been warranted by the petition.

*Silver & Brown* for respondent.

(1) The evidence in this case clearly made it one for the jury. Booth v. Railroad, 76 Mo. App. 516; Duerst v. Stamping Co., 163 Mo. 607. (2) The fact that an appliance breaks in using it as intended constitutes evidence that it was defective and unsafe, and the further fact that the defendant was then using it in its business is some evidence of its negligence. Moyniham v. Hills Co., 146 Mass. 591. (3) Plaintiff was justified in using the maul, although he saw it was defective, provided its condition was such that he might reasonably suppose he could, with care, use it safely. Booth v. Railroad, 76 Mo. App. 516, supra; O'Mellia v. Railroad, 115 Mo. 205. (4) That the defective character of the maul was known to defendant or could have been so known by the exercise of reasonable care on its part, were questions for the jury. Siela v. Railroad, 82 Mo. 430; Braun v. Railroad, 53 Iowa 595. (5) Possession of means of knowledge of a particular fact justifies the finding of the actual knowledge thereof. Kingel v. Knuckles, 69 S. W. 595. (6) Whether or not the plaintiff was hurt in striking the spike, as testified to by

him, or by improperly striking another maul with the maul he was using, was, under the evidence, a controverted question of fact for the jury.   Duerst v. Stamping Co., 163 Mo. 607; Duncan v. Matney, 29 Mo. 369. (7)   The court did not err in admitting the evidence as to the defective condition of the other jug mauls used by plaintiff and his co-workmen at the time of plaintiff's injury.   Rose v. St. Louis, 152 Mo. 602; Savannah v. Railroad, 85 Ga. 579; Luetgert v. Volker, 153 Ill. 385; Baxter v. Doe, 142 Mass. 358; Railroad v. Hill, 93 Ala. 514; Salem Co. v. Griffin, 139 Ind. 141; Pacheco v. Manufacturing Co., 113 Cal. 541.   (8)   The court did not err in its modification of defendant's instruction 7. There was evidence tending to show that defendant's foreman, Johnson, authorized the use of the maul here complained of by defendant.   He represented the defendant; was its vice-principal.   Sullivan v. Railroad, 107 Mo. 66; Freiermuth v. McKee, 86 Mo. App. 64; Leeper v. Paschal, 70 Mo. App. 117.   See 37 Mo. 341.

SMITH, P. J.—Action to recover damages for personal injuries alleged to have been received.

The petition *inter alia* alleged that while the plaintiff was employed in the service of defendant it became and was his duty to put in place on defendant's track, steel rails and to fix them to crossties with spikes driven therein with mauls; that defendant carelessly and negligently furnished to plaintiff with which to perform his work and service aforesaid a defective appliance, to-wit, a steel maul; that the parts of said maul in and around the hammer thereof (and which parts it was necessary to strike on the spikes in driving them as aforesaid) were brittle and fragile and insufficiently tempered or hardened, so that by reason thereof a piece of said maul slivered, scaled and flew off, and struck plaintiff in his right eye, causing him great physical and mental pain and suffering, and the permanent loss of the sight of said eye; that plaintiff was ignorant of the defective and dangerous character of said maul, but that its defective character was known

to defendant, or could have been known to it by the exercise of reasonable care on its part.

The answer was a general denial coupled with the plea of contributory negligence. There was a trial resulting in judgment for plaintiff and defendant appealed.

At the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, the defendant asked an instruction in the nature of a demurrer thereto which was by the court refused, and this ruling is made one of the grounds of the defendant's assignment of error here. In view of this, it becomes our duty to determine whether or not, on the evidence adduced for plaintiff, the case was one for the jury.

It appears that the plaintiff was one of what was called an "extra gang" employed by defendant in laying steel rails, taking up old rails, putting in new ones, and doing whatever was required in that connection. Each of the extra gang employed was furnished by the defendant with a steel maul, or hammer, with which to do the work assigned to him. Some of them were jug and others bell-shaped. The plaintiff selected a jug maul and was told by the defendant's foreman to go behind where the new rails had been laid and spike them down so that it would be safe for the trains to pass over them. Just as he started to do this the foreman further told him that if he found a bent spike or saw any one else bend one, to be sure and straighten it up. He told plaintiff to put the maul behind and between the spike and rail and drive it back from the rail, straighten it up, take the maul out and drive it down, but if it was so badly bent that he could not do that, to get a claw bar, pull it out and throw it away.

Plaintiff testified that while doing the work as he had been directed by the foreman he saw a spike that some one had bent and thereupon he said to a co-employee, who was just behind him, "Stick your maul in here; let's straighten this up, and he accordingly put it in and I drove it up" by hitting it once or twice. The spike was in that way bent back from the rail so that

it could be straightened up. After the maul had been withdrawn and the spike straightened up the plaintiff struck it two licks with his maul, and when he struck the second blow a piece of the maul flew off and struck him in the eye, causing its loss. The plaintiff further testified that after examining this maul prior to the accident and finding only some little pieces broken out of the head of it, he thought with care he could safely use it. After the accident the maul which plaintiff was handling was examined and it was found "that a little piece about the size of a grain of wheat had been broken out fresh." Plaintiff still further testified that the jug mauls furnished by defendant to the men employed on the work with him were generally more or less chipped up— "broken up around on the hammer part." Some had nicks in them "and were slivered and scaled off" and some of them "were breaking once in a while when being used by the men." The bell mauls in use, with one exception, were intact on their face.

Parenthetically, and before making further allusion to the evidence in connection with the defendant's demurrers, it will not be out of place to pass upon the question of the propriety of the action of the trial court in admitting, over defendant's objections, evidence adduced by the plaintiff showing the condition of other mauls than that which caused the injury. As has been previously stated, the heads of the jug-shaped mauls furnished by the defendant to the thirty-five or forty men who were employed by it with plaintiff in taking up old rails and laying new ones in its tracks, were chipped, nicked, broken and slivered, while those having the bell-shape were complete and uninjured. The maul which the plaintiff selected was of the former kind, and though it showed the imperfections very much the same as others of its kind, yet he thought that by the exercise of care he could safely use it in performing the work required of him by defendant.

One of the issues tendered was that the maul furnished plaintiff was defective in that the head of it was so brittle, fragile and insufficiently tempered that while

the plaintiff was using it in the work assigned to him, a piece of it slivered, scaled and flew off striking him in the eye, etc.    Now, the inquiry arises, whether or not from the defective condition of the other mauls of the kind, any inference of fact may be drawn bearing upon the particular acts alleged to be negligent and from which the injury resulted.

The rule prevailing in a majority of the States is, that in an action for negligence, evidence is not admissible of other independent and disconnected acts of negligence as going to show negligence in a particular case.    21 Am. and Eng. Ency. Law, 518 (sec. 3), note 6. And it is said to be fundamental that evidence of any alleged negligent act or omission which could not by any possibility have contributed to the injuries complained of, is admissible.    Railway v. Fox, 11 Bush. (Ky.) 495; McNally v. Calwell, 91 Mich. 527.

But where though an act or omission may be in a sense collateral, yet from it an inference of fact may be drawn bearing upon the particular act or omission alleged to be negligent and from which the injuries resulted, evidence thereof is admissible.    The application of this rule is variously illustrated in a great number of adjudications.    Rose v. St. Louis, 152 Mo. 602; Golden v. Railway, 84 Mo. App. 59, and cases there cited; Golden v. Clinton, 54 Mo. App. l. c. 115; Bailey v. Railway, 139 N. Y. 302; Craft v. Parker, 96 Mich. 245; Railway v. Flanagan, 82 Ga. 578; District etc. v. Ames, 107 U. S. 519; Luetgert v. Volker, 153 Ill. 385; Baxter v. Doe, 142 Mass. 358; Railway v. Hill, 83 Ala. 514; Salem v. Griffin, 139 Ind. 141; Pacheco v. M'f'g. Co., 113 Calif. 541.

As opposed to the trend of these cases we are cited to Railway v. Nelms, 83 Ga. 70.    In that case, the plaintiff and others engaged in the same work were furnished with hammers which, as far as could be ascertained by examination, were first-class.    Several of them so furnished bursted, their faces split and shelled off; some were new and some were old.    It was ruled that ''the mere fact that the hammer [referring to the one causing

the injury] was defective, and that other hammers were defective and that the injury resulted therefrom was not sufficient to authorize the jury to infer negligence on the part of the company." It is further stated in the course of the opinion in the case that "we can not hold that an employer is liable to his servant when he furnishes him an axe, a wagon, a saw, a hammer, or any other tool which appears to be first-class and which subsequently, by some latent defect, breaks and injures the servant." The case while in some of its aspects resembling that under consideration is unlike it as to the condition of the hammer furnished plaintiff and the other men working with him. The hammers in that case, as far as could be ascertained, were first-class; while here, they were "chipped, nicked, slivered and scaled off." Here the defendant did not, as in that, furnish the plaintiff with a hammer apparently first-class in its appearance, so that it may have been properly ruled in the other case that evidence that such apparently perfect hammer burst, split or shelled off was inadmissible to prove the one which caused the injury was defective. We do not think that said case of Railway v. Nelms declares any rule at variance with that declared in the line of cases to which we have referred; but, if so, it stands opposed to a line established by other courts of equal respectability.

Accordingly, we think evidence tending to prove the defective condition of the other mauls of the kind furnished plaintiff was admissible as establishing a fact from which the inference is deducible that the maul furnished plaintiff, and which caused his injury, was likewise defective, and that defendant had knowledge or notice of such defect.

Returning to the consideration of the demurrers questioning the sufficiency of the evidence to carry the case to the jury, it is to be observed that the law imposes upon the employer the duty to use reasonable and ordinary care and foresight in procuring appliances and in keeping them in repair to the end that they may be safe.

He is not required to furnish those that are absolutely safe. What is reasonable and ordinary care depends upon the nature and character of the appliances and the dangers to be encountered in their use. In order to entitle a plaintiff to recover in an action of this kind he is required to show that the injury was caused by the use of a defective appliance and that the defendant was aware of the defect, or that the use of reasonable care on his part would have disclosed the defect. Elliott v. Railway, 67 Mo. 272; Covey v. Railway, 86 Mo. 635.

The employee has the right to presume that the employer will furnish him reasonably safe appliances with which to do the work required of him. And while an employee is not bound to search for latent defects, he must take notice of those which are open to his observation and of which he has knowledge, and if with such information he will use the appliances he does so at his own risk as to the risks arising from known defects, but otherwise if the condition of the appliances is such that he may reasonably suppose he can with care use it with safety. Booth v. Air Line, 76 Mo. App. 516; O'Mellia v. Railway, 115 Mo. 205. And he is required to exercise the care incident to the situation in which he is placed, and whether he exercised that degree of care is a fact for the jury to determine. Thorpe v. Railway, 89 Mo. 650; Conroy v. Iron Works, 62 Mo. 35.

And the rule is well settled that in actions to recover damages for an injury resulting from the use of a defective appliance, the presumption is that the appliance was not defective; and when it is shown that it was, then there is the further presumption that the employer had no notice or knowledge of the fact and was not negligently ignorant of it. Thompson on Negl., section 1053; Pierce on Railroads, 382; Wood on Law of Master and Servant, sections 368-382. The jug mauls were all defective and known to be so by the foreman who had charge of them and the men engaged in their use. He was the vice-principal of the defendant and his knowledge was that of the latter. It is safe to say that the defendant had knowledge of the condition of

the mauls and with this knowledge it furnished them to the gang of men, of which plaintiff was one, to do the work required of them by its foreman.

And it must be conceded that plaintiff, too, knew of the defect; but he is not to be precluded by that knowledge if he reasonably supposed that by the exercise of care he could have used that furnished him with safety. And the fact that both kinds of mauls were used at the same time, and in exactly the same kind of work, and under the same conditions, and those having the jug shape chipped, split and slivered off while those of the bell shape remained intact, affords a basis for the inference that the former were badly and defectively tempered.

Again, it is said in a Massachusetts case (Moyniham v. Hills Co., 146 Mass. 591) that the fact that an appliance breaks in using it as intended constitutes evidence that it was defective. Here, the jug mauls were all broken. Of this, as has been stated, the defendant had actual notice, or, if not, it had constructive notice. From the manner in which the heads of all the jug-shaped mauls, including that occasioning plaintiff's injury, broke and gave way, it may be inferred that the same were not properly tempered; and this the defendant either knew or could have known by the exercise of reasonable diligence.

While a verdict founded upon inferences having no just basis in the proven facts ought not to stand, and where the grade of proof is such that the inference of an essential fact is a mere speculation, it is the duty of the court to withdraw the case from the jury, we are unwilling to say in this case that there was no evidence from which a just inference might not be drawn by the jury that the maul in question was not defective when furnished plaintiff and that there was not a negligent failure to discover it before the time when plaintiff was injured by it. We can not, therefore, resist the conclusion that the case was one for the jury and not for the court.

The defendant further insists that the plaintiff was

guilty of contributory negligence in striking his maul against that in the hands of another employee, but as the foreman ordered plaintiff to use it in that way we can not discover that in obeying this order he was guilty of contributory negligence.   The plaintiff had the right to rely on the defendant's superior knowledge and judgment as to the strength of the maul and its adaptability to the use to which he was directed to make of it.   The defendant's foreman having directed the plaintiff in case he found a bent or "goose-neck" spike to straighten it up by inserting a maul between it and the rail and then striking it with another, was in effect an assurance that it was safe to handle the mauls in that way.   The plaintiff knew to a certain extent of the defect in the head of the maul, but he did not know of the danger to which he would be subjected by reason of the defect which the foreman knew, or would have known had he discharged his duty towards plaintiff.   Sullivan v. Railway, 107 Mo. 66.

The plaintiff was an ignorant and illiterate man, not even able to write his name; young, being but twenty-two years of age; and having no experience in the use of mechanical appliances beyond that acquired during the twenty-five days he had been in the defendant's employ; and we find nothing in the evidence to warrant the inference that he either knew or ought to have known that the maul furnished him was unfit or not intended to be used for straightening bent or "goose-neck" spikes by striking said maul against another, as ordered by defendant's foreman; or that the plaintiff knew, or ought to have known, the danger to be thereby incurred, or that he appreciated the risk incidental to such use; and, therefore, defendant can not, as a matter of law, hold him guilty of contributory negligence or that he assumed the risk.   Beach on Contributory Negl., section 68; Railway v. Meyers, 18 U. S. App. 569; Murtaugh v. Railway, 49 Hun 456.

And as to whether the plaintiff's injuries were occasioned by striking a spike with his maul or by strik-

ing it against another, was a controverted issue of fact for the jury. Duerst v. Stamping Co., 163 Mo. 607.

The defendant's seventh instruction was by the court modified and then given. It is as follows: "The court instructs you that the plaintiff was only justified in using the maul furnished him for the purpose for which it was intended, *or for such purpose as was authorized by defendant;* and if you further find from the evidence that it was not designed or intended that such mauls should be used by striking one against another, and that such use of the mauls was liable to cause pieces of one or the other of them to break and fly into the air, thereby endangering the persons using them, and that a person of ordinary care and prudence engaged in the business of laying railroad track would not have so used one of such mauls, *unless thereto directly authorized by defendant*—then if you further find from the evidence that the plaintiff was injured by a piece breaking from one of said mauls and striking him in the eye in consequence of his striking the maul which he was using against another maul in the hands of a co-employee, working with him at the time, then the plaintiff was guilty of such negligence as precludes a recovery, and your verdict must be for the defendant." The *italicised* words indicate the modification just referred to.

The defendant objected that the amendment shown by the italics enlarged the plaintiff's right to recover beyond anything alleged in his petition, and was to that extent erroneous. We are unable to perceive that the modification was not within the limits of the issues tendered by the petition, but if so, still there was no error in giving it, for the reason that the evidence on which it was based was received without objection. In such case the plaintiff was entitled to have the modification included in the hypothesis of the defendant's instruction. If the plaintiff was directed to use the maul in a particular way or in doing certain work and was injured in so doing, he was not, as we have seen, thereby guilty of contributory negligence. The defendant not having objected to such evidence at the time of its in-

troduction, it was too late afterwards by an instruction expressly or impliedly to do so. Friermuth v. McKee, 86 Mo. App. 64; Leeper v. Paschal, 70 Mo. App. 117. And it was proper for the court to instruct the jury upon the legal effect of such evidence. Railway v. Moore, 37 Mo. l. c. 342. The cases referred to by defendant are not analogous to this, and what is decided by them has no bearing on the question under consideration. We think the court committed no error in modifying defendant's seventh instruction.

After looking at the evidence in its entirety we can not say the case was not one for the jury, or that the verdict is not supported by it. It results that the judgment must be affirmed. All concur.