JOHN D. DUNHAM, Executor, etc., Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 4, 1907.

1. **NEGLIGENCE: Railroads: Ordinance: Crossing: Contributory Negligence.** Plaintiff riding a pony when twenty-five feet from the track observed an approaching train about a quarter of a mile distant, but did not notice its rapid speed. He proceeded to cross the track, and on reaching the far rail his horse's foot was caught between the rail and the crossing plank, which the company had negligently allowed to get out of repair. As he was attempting to get off, the train approaching at several times the ordinance speed, struck, killing the horse and injuring the plaintiff. *Held,*

    (1) The case was properly submitted to the jury on the question of the negligence as to the speed and the condition of the crossing.

    (2) That the plaintiff's action did not constitute such contributory negligence as to take the case from the jury and is distinguished from cases where one attempts to run a race with an approaching train for the crossing. Cases considered.

2. **———: ———: Horse's Foot Caught in Crossing: Evidence.** Where plaintiff's evidence tended to show that his horse's foot was caught in a railroad crossing and the defendant's that it was impossible for the foot to have been caught, evidence that another horse got his foot fastened in the same place, shortly before, is admissible; at any rate such evidence was harmless in this case.

3. **PERSONAL INJURY: Evidence: Physician.** A physician's opinion as to what caused plaintiff's injury, is held under the course of testimony in this case to have been harmless, since it could not have influenced the jury.

Appeal from Livingston Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

AFFIRMED.

*J. L. Minnis* and *J. M. Davis & Sons* for appellant.

(1) Plaintiff was guilty of such contributory negligence as bars a recovery in undertaking to cross the track ahead of the train, proceeding upon a calculation of chances. Sanguinette v. Railroad, 95 S. W. 395. And the fact that he saw the train and thought it was some other train did not excuse him. Moody v. Railroad, 68 Mo. 470. In this case the deceased "saw the approaching train at a distance of 1200 feet west and attempted to cross over in front of the locomotive and was killed." Mockowik v. Railroad, 196 Mo. 550, 94 S. W. 256; Walker v. Railroad, 193 Mo. 481; Schmidt v. Railroad, 191 Mo. 215; Green v. Railroad, 192 Mo. 131. (2) Plaintiff having seen the train approaching, being familiar with the track, a man of mature judgment, in possession of all his faculties, negligently, as is shown by plaintiff's testimony, moved from a place of safety to a place of danger, in front of a moving locomotive, and being struck thereby, is guilty of such contributory negligence as a matter of law as that the court should have given a peremptory instruction to find for defendant, even though the train was running in violation of a speed ordinance and even though plaintiff "thought he could make it." Mockowik v. Railroad, 94 S. W. 256; Myers v. Railroad, 150 Pa. St. 386, 24 Atl. 747; Payne v. Railroad, 136 Mo. 581. (3) The court committed error in permitting plaintiff to offer evidence to the effect that another horse got his foot caught in this crossing many months prior to the happening of this accident. Such testimony was wholly outside of any issue raised by the pleadings and was wholly collateral to the issues involved. Goble v. Kansas City, 148 Mo. 475. (4) The court committed error in permitting Dr. Brosius to answer the question, "What would you say was the cause of his injury you found?" thereby permitting this witness to usurp the functions of the jury. Taylor v. Railroad, 185 Mo. 255.

*Henry L. Eads, A. G. Knight* and *E. M. Harber* for respondent.

(1) The case was properly submitted to the jury upon this theory which the evidence so abundantly sustained. Moberly v. Railroad, 17 Mo. App. 518; Myers v. Transit Co., 99 Mo. App. 363; Riska v. Depot Co., 180 Mo. 168; Murphy v. Transit Co., 189 Mo. 42; Gerbhardt v. Transit Co., 97 Mo. App. 373; Deitring v. Transit Co., 109 Mo. App. 524; Linder v. Transit Co., 103 Mo. App. 574; Moore v. Railroad, 176 Mo. 528; Duncan v. Railroad, 46 Mo. App. 198; Railroad v. Harmon, 47 Ill. 298; Railroad v. Ptacek (Ill.), 49 N. E. R. 191; Murch v. Railroad, 29 N. H. 9; Goodrich v. Railroad, 10 Am. and Eng. R. Cas. N. S. (Iowa), 719; Railroad v. Anderson, 85 F. R. 413, 10 Am. and Eng. R. Cas. N. S. 497; Railroad v. Van Steinberg, 17 Mich. 99; Bonnell v. Railroad, 39 N. J. L. (10 Vr.) 189; Langhoff v. Railroad, 19 Wis. 489. (2) The violation of the ordinance was negligence *per se* and if the injury resulted to plaintiff by reason of the disregard of defendant of this ordinance without fault upon part of plaintiff, as jury have found, the defendant is liable. Riska v. Depot Co., 180 Mo. 168; Maher v. Railroad, 64 Mo. 267; Dunkman v. Railroad, 95 Mo. 232; Eswin v. Railroad, 96 Mo. 290; Hutchison v. Railroad, 161 Mo. 246; Gratiot v. Railroad, 116 Mo. 450; Sullivan v. Railroad, 117 Mo. 214; Kellny v. Railroad, 101 Mo. 67; Fearsons v. Railroad, 180 Mo. 208; Jackson v. Railroad, 157 Mo. 621; Murrell v. Railroad, 105 Mo. 18; Edwards v. Railroad, 94 Mo. App. 36; Moore v. Transit Co., 194 Mo. 1. (3) As to the claim that "The court committed error in permitting plaintiff to offer evidence to the effect that another horse got his foot caught in the crossing some months prior to this accident," the fact sought to be established, was: that such opening was sufficient to admit a horse's foot. 6 Thompson's Commentaries on the Law of Negligence, sec. 7849 and authorities there

cited; Franklin v. Railroad, 97 Mo. App. 480; Golden v. Clinton, 54 Mo. App. 115; Stoher v. Railroad, 91 Mo. 617; District v. Ames, 107 U. S. 519; LaBatt on Master & Servant, secs. 820c, 823c; Golden v. Railroad, 84 Mo. App. 59. (4) With respect to defendant's contention regarding the questions asked by the plaintiff's counsel of Dr. Brosius on redirect examination. The rule of invited error unquestionably closes the discussion. Wood v. Railroad, 181 Mo. 433; O'Neil v. Kansas City, 178 Mo. 91.

ELLISON, J.—This action was instituted on account of personal injuries alleged to have been received by plaintiff as the result of the negligence of defendant in operating its line of railway and a train being run thereon. The judgment in the trial court was for the plaintiff.

Since the verdict was for the plaintiff we will state the facts as the evidence in his behalf tends to establish them. Defendant's line of railway passed through the town of Pattonsburg which town has in force an ordinance prescribing that trains shall not run within the corporate limits at a greater rate of speed than six miles. The railway crosses different streets in the town where sufficient crossings should be provided in accordance with the general statute.. Between one and two o'clock in the afternoon on the day plaintiff was injured he was riding a pony along one of the streets approaching the railway track. The railway crossing on this street was permitted to be in such negligent condition that a horse could readily get his foot fastened between the rail and a board next to it. Plaintiff could not see down the track for much distance until he got within twenty-five or thirty feet of the crossing. He then looked and saw an approaching train "away off." That is, as he again stated, seventy-five or eighty rods (about a quarter of mile). He did not observe that it

was coming fast and thought he would have plenty of time to cross over in safety. He would have had ample time but for the mishap caused by the negligently kept crossing. He urged his pony to a quicker step and as the animal got nearly over the crossing his foot went in between the rail and board on the far side and would not pull out. He made a move as if to go forward but could not. Plaintiff urged him, but his foot was fastened and he could not go. Plaintiff, realizing the pony was fastened, hastily attempted to get off and had got one foot out of the stirrup when he and the pony were struck by the train, the pony killed and the shoe torn from the hoof. The train was running at very rapid rate of speed—seven or eight times in excess of the rate permitted by the ordinance.

The chief reliance of defendant is upon contributory negligence of the plaintiff in attempting to cross the track, and it is urged here that the trial court should have sustained a demurrer to the evidence. We think there is no good ground for such position. This is not one of those cases where the traveller seeing an approaching train undertakes a race for the crossing in an endeavor to get there first. This is a case where a traveller who is only twenty-five feet from a crossing and observes a train a quarter of a mile away, correctly decides that he has an abundance of time to clear the crossing and would have done so but for the unexpected happening to the pony which was caused by defendant's negligence. It was not the distance plaintiff was away from the track when he saw the train. It was not a miscalculation of his having time. The same thing would have happened to the pony if he had been right at the crossing when the train was a quarter of a mile away. The only difference is that in such case plaintiff would probably have had time to have gotten off and out of the way after he found the pony was fastened. And as it was, he would have gotten off before being struck

if the train had been running the ordinance speed. It ought not, in reason, to be supposed that plaintiff should have considered the unforeseen and unknowable accident which happened to the pony.

Defendant's entire brief is based upon a refusal to credit plaintiff with the case he makes. The first point made against the judgment is that "plaintiff was guilty of contributory negligence in going upon the railroad track when he knew the train was approaching, in such close proximity to the train as that he could not cross the track before being struck and the court should have given a peremptory instruction to find for defendant." Of course if plaintiff had gone upon the track in such close proximity to the train that he could not cross without being struck he should not have done so. But he did not go upon the track under any condition of that kind. He went upon the track with abundance of time to cross even at the unlawful speed with which the train was running; and he only failed to safely cross by reason of defendant's negligence in the maintenance of the crossing. It is in consequence of defendant thus shutting out plaintiff's side of the controversy that the authorities to be found collected in its brief are not applicable. Among other cases, defendant relies upon Stotler v. Railway, 204 Mo. 619, 103 S. W. 1. In that case the decisions of our Supreme Court are reviewed at length; but in none of them, where contributory negligence was adjudged as a matter of law, were the facts, in vital particulars, like those in this case. In the Stotler case, the rapidly moving train was only half the distance away from the crossing that the train in this case was. In that case the court held that the plaintiff could have known the speed of the train had she looked, and would have known she could not cross. The logic of defendant's position is that no one should attempt to cross over the eight or ten feet necessary to clear the width of a locomotive if one is in sight.

There are many places in this State where an approaching train may be seen several miles away. Is the traveler to wait until it passes by? In another case relied upon (Sanguinette v. Railway, 196 Mo. 466), the train was only ninety feet away when plaintiff started to cross the track. In that case it is said that "no one can be said to exercise ordinary care who voluntarily encounters danger that he knows is imminent, unless the situation and conditions are such as to enable him to see that he can proceed in safety." In the case at bar the situation and conditions were such that plaintiff could see that he could proceed to cross in safety and he would have succeeded but for the pony's foot becoming fastened. We will not go into an examination of many other cases cited. None of them are applicable to the facts of this case as is abundantly demonstrated by the brief and argument in plaintiff's behalf.

Evidence was admitted of the fact that another person's horse got his foot fastened in the same place shortly before. A question was being made whether the place was such as would admit of a horse's foot being caught in passing over. It was therefore proper to show that in point of fact it had done that thing. This class of evidence was discussed by us in Golden v. Railway, 84 Mo. App. 59. See also 1 Wigmore on Ev., 461, and notes 2 and 3; 6 Thompson, Neg., sec. 7849; Franklin v. Railway, 97 Mo. App. 473. Such evidence is to be distinguished from that ruled to be improper in Goble v. Kansas City, 148 Mo. 470, and other cases. In those cases the evidence involved collateral matters concerning other persons, as for instance, the conduct of the other parties, whether they were careful and prudent, or rash and imprudent, etc. But aside from this, the evidence under the circumstances of the case as developed was altogether harmless.

Objection was made to expert testimony of a physician. The chief ground urged here is that the witness

gave his conclusion as to what caused the injuries. The question occurred on redirect examination and as pointed out by counsel, was made proper by the cross-examination made by defendant. The questions are not preserved in the abstract but from what is given in narrative form, it appears that defendant had been drawing upon the physician's conclusions and he had already stated in such examination the same conclusion he stated to the one question on redirect. The answer could not possibly have influenced the jury.

The action of the court on the instruction was correct. Those given for the respective parties presented the case properly and fully.

The judgment should be affirmed. All concur.