# ANNAPOLIS AND CHESAPEAKE BAY POWER COMPANY *v.* STATE, TO THE USE OF JESSIE SMITH, ET AL.

*Fallen Electric Wire—Death of Pedestrian—Res Ipsa Loquitur*
*—Negligent Delay in Repair—Telephone Calls as*
*Evidence—Contributory Negligence.*

The maxim *res ipsa loquitur* applies in the case of a pedestrian killed on a public street by contact with a fallen electric wire.

p. 244

Evidence that an electric wire, fallen in the street, by which plaintiffs' decedent was killed, was emitting sparks for half an hour before the accident, that defendant's trouble station, within four minutes' walk, was warned three times of the dangerous condition, the first time twenty-five minutes before the accident, but that nothing was done, the only man kept on duty at night being out on other trouble, *held* sufficient evidence of negligence to go to the jury.

p. 245

In an action against an electric company for negligence in not repairing a fallen wire after its trouble station had been three times warned by telephone of the dangerous condition, evidence as to the telephone warnings was admissible, although the witnesses did not recognize the voice at the other end, it being defendant's duty to have a responsible person to receive such calls.

p. 246

Contributory negligence on the part of deceased was not shown as matter of law, there being testimony that the sparking of the wire was intermittent, that a number of persons obstructed his view as he approached it, that he left the sidewalk and walked around them, coming in contact with the wire as he returned to the sidewalk, that it was dark, and that the wire was hanging by the pole.

p. 246

That the court's modification of a prayer submitted by defendant contained the clause "used reasonable and proper care," without any subject expressed and so might be construed as

referring to the use of care by "contractors" rather than by "defendant," both of which words occurred earlier in the prayer, *held* not sufficiently prejudicial to defendant to warrant a reversal, since the clause was construed by the parties as referring to defendant. pp. 246, 247

In an action for the death of a pedestrian by contact with an electric wire fallen in the street, a prayer submitted by defendant power company, from which it could be inferred that actual knowledge by it of the dangerous condition caused by the fall of the wire was necessary, was properly refused. p. 247

*Decided January 28th, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (STUMP, J.).

Action by the State, to the use of Jessie Smith and Laura E. Smith, against the Annapolis and Chesapeake Bay Power Company and the Washington, Baltimore and Annapolis Electric Railroad Company. From a judgment for plaintiff against the first named defendant, it appeals. Affirmed.

Among the defendant's prayers were the following:

Fourth. The Court instructs the jury that if they shall find from the evidence that the deceased, Edward H. Smith, died as a result of coming in contact with an electric wire and that said wire was caused to fall to the street solely by reason of a hidden or latent defect therein not apparent to the eye, and that the defendant could not have discovered or detected, by any reasonable examination, said defect, and if the jury further find that the defendant employed proper and suitable contractors to erect said wire and overhead construction at the place of the accident, and that such contractors used suitable and proper material and proper and skillful method of overhead construction, *and used reasonable and proper care in the employment and use of linemen and helpers to make reasonably prompt repairs for avoidance of injury to persons and reasonable care in turn-*

*ing off power after notice of broken and fallen wire,* then the defendant is not liable in this case and the verdict of the jury must be for the defendant, even though the jury further find that the deceased, Edward H. Smith, without fault on his part, received injuries which resulted in his death by reason of the breaking and falling of said wire. (Court's modifications in italics.)

Ninth. The Court instructs the jury that unless the jury shall find from the evidence that the wire with which the deceased, Smith, came in contact had become broken and suspended in a dangerous condition through some failure on the part of the defendant or its agents to use proper care, or that said wire after becoming so broken and suspended was, with the knowledge of the defendant, or its agents, permitted to remain in such dangerous condition for a period of time so long that the jury shall be satisfied that the defendant in fact should have known of such breakage and suspension and dangerous condition in time to have removed said wire or repaired the same, or to have cut the current from said wire before the deceased came in contact therewith, then the verdict of the jury must be for the defendant.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*George Weems Williams* and *L. Vernon Miller,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellant.

*Charles W. Main and Benjamin H. McKindless,* with whom was *Derlin McKindless* on the brief, for the appellees.

ADKINS, J., delivered the opinion of the Court.

The equitable plaintiffs in this case are the widow and infant child of Edward H. Smith who, on August 4th, 1924, came in contact with a fallen wire of defendant charged with an electric current, while walking on Calvert Street, a

public street of the city of Annapolis, and was instantly killed. Suit was brought against the Annapolis & Chesapeake Bay Power Company and the Washington, Baltimore & Annapolis Railway Company. The case was withdrawn from the jury as to the railway company, and there was a verdict for $6,000 in favor of plaintiff against the other defendant, on which judgment was entered. From that judgment this appeal was taken. There are two bills of exception, one involving a ruling on evidence and the other the ruling on the prayer.

The first exception was not pressed by appellant in its brief or in the oral argument, and, as we find no prejudicial error in the ruling which is the subject of that exception, it will not be necessary to discuss it. The question to which the objection was sustained was substantially answered later on.

Plaintiff's two prayers which were granted seem to be unobjectionable, if there was any evidence to go to the jury to support them. No other objection was urged to them by appellant, either in its brief or oral argument.

The defendants offered nine prayers. The first and third were demurrers to the evidence; the seventh asked for a directed verdict on the ground of lack of evidence that defendant had notice either actual or constructive that the wire had fallen or was in a defective condition in time to have repaired it prior to the accident; the second and fifth asked for a directed verdict on the ground of contributory negligence; the sixth, a contributory negligence prayer, was granted; the fourth was granted as modified; the eighth, which was granted, was an instruction that plaintiff could not recover if the deceased could have avoided injury by the exercise of ordinary care; the ninth was refused. The reporter is requested to set out defendant's fourth and ninth prayers.

The first and third were properly refused. The maxim *res ipsa loquitur* applies. For the same reason the special exception to plaintiff's first prayer was properly overruled.

*Western Union Telegraph Company v. State, use of Nelson,*
82 Md. 310; *Winklemann & Brown v. Colladay,* 88 Md. 78;
*Howser v. Cumberland and Penna. R. Co.,* 80 Md. 148;
*Brown v. Edison Electric Co.,* 90 Md. 400; *Hearn v. Quillen,*
94 Md. 39; *Benedick v. Potts,* 88 Md. 52; *Walter v. Balti-
more Electric Co.,* 109 Md. 524; *United Rwys. Co. v. Corbin,*
109 Md. 442. In *Electric Light Company v. Lusby,* 100 Md.
634, relied on by appellant, it was not defendant's wire which
was down or which caused the trouble.

Whether the *prima facie* evidence of negligence was met by
defendant was a question for the jury. Besides there was
affirmative evidence from which, if believed, the jury might
have found negligence. There was evidence that the wire
fell and was seen emitting sparks thirty minutes before
deceased came in contact with it; that one witness called up
the trouble station over the telephone three times, the first
time being twenty-five minutes before the accident; that an-
other witness called up about twenty or twenty-five minutes
before the occurrence; and that each of these witnesses called
attention to the dangerous condition and warned that some
one would be killed if the wire was not repaired or removed;
that the first witness looked in the telephone book each time
before calling, to be sure he was asking for the right number,
and was told by the person receiving the call that it was the
trouble station and that some one would be sent around;
that this station was in a walking distance of four minutes
from the place of the accident; that at the time of the accident
the only man who was kept on duty at night to attend to emer-
gency calls was out on other trouble, and that the duty of the
operator in charge was not to leave the station.

Our attention is called by appellant to *Charles v. Balti-
more,* 138 Md. 523, in which we held that the city could
not be said to have been guilty of negligence when it under-
took to remedy a defect in lighting a bridge, which had been
caused by unusual weather conditions, within thirty to forty
minutes after that condition was made known. But in that
case there was no question of a live wire endangering the

lives of people who might be passing; nor was there any evidence that the bridge was within a few minutes' walk from a trouble station. Under the circumstances of the present case it was for the jury to determine whether the defendant was reasonably prepared to promptly respond to emergency calls of this sort, which according to defendant's own testimony are liable to happen without any known cause; whether it received notice, or ought to have known of the trouble through the mechanical devices with which it was equipped according to the evidence; and whether defendant was negligent in turning on current or in failing to shut it off after being warned of danger.

There was no exception taken to the admission of the evidence of the telephone calls on the ground that the witnesses did not recognize the voice at the other end. But, apart from that, we think the testimony was properly admitted. It was certainly the defendant's duty to have a responsible person to receive such calls. Our conclusion is supported by *Knickerbocker Ice Co. v. Gardner Dairy Co.*, 107 Md. 571, and the cases there cited, especially *Wolfe v. Mo. Pac Ry. Co.*, 97 Mo. App. 473, 3 L. R. A. 539. Nor is it in conflict with the ruling in *Archer v. State*, 145 Md. 149. That was a criminal case and the identification of the receiver of the message was vital. What we have said applies also to the seventh prayer. It was also properly refused for other reasons. There was no error in the refusal of the second and fifth prayers. One or more of plaintiff's witnesses testified that the sparking of the wire was intermittent, and that a number of persons obstructed the view of the deceased as he approached the wire, and that he left the side walk and walked around them and came in contact with the wire as he returned to the side walk; that it was dark and the wire was hanging by the pole. If this testimony was believed, there was certainly no conduct of the defendant so wantonly reckless as to justify the court in holding it to be negligent as a matter of law.

We find no reversible error in the modification of the

defendant's fourth prayer.   As offered it disregarded all the testimony from which the jury could have found negligence after the wire was down, and while the modification by the court sought to correct this error, it was interpolated in the form of a clause whose subject was not therein expressed, and so might possibly be taken as the last antecedent subject "contractors" instead of the prior antecedent "defendant", but inasmuch as the clause was construed by the parties as referring to the defendant, the defect mentioned, while disapproved by us, was not so prejudicial as to warrant a reversal.

The ninth prayer is confusing in its form and from it the jury could have inferred that actual knowledge was necessary.   It also disregards testimony from which the jury could have inferred that defendant's operator turned on current after receiving notice that the wire was down.

There was no error in overruling the special exception to plaintiff's second prayer.   There was evidence to support all the facts upon which it was predicated.

*Judgment affirmed, with costs to appellee.*