HENRY C. BEYMER, Respondent, v. HAMMOND PACKING COMPANY, Appellant.

**Kansas City Court of Appeals, April 25, 1904.**

**MASTER AND SERVANT: Risk: Contributory Negligence.** Where the servant's injury is the result of either the assumption of risk or contributory negligence.he can not recover.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey,* Judge.

REVERSED.

*Mosman & Ryan* for appellant.

(1)   The demurrer prayed by the defendant at the close of all the evidence should have been sustained, and the court erred in overruling it.   Plaintiff assumed the risk. · English v. Railway, 24 Fed. 906; Hulett v. Railway, 67 Mo. 241; Moore v. Railway, 146 Mo. 582; Nolan v. Shickle, 69 Mo. 340; Winkler v. Basket Co., 137 Mo. 400; Cummings v. Collins, 61 Mo. 520; Nugent v. Milling Co., 131 Mo. 256; Holloran v. Foundry Co., 133 Mo. 476; Bradley v. Railway, 138 Mo. 302; Thomas v. Railway, 109 Mo. 196; Marshal v. Press Co., 69 Mo. App. 260; Steinhauser v. Spraul, 127 Mo. 563; Fugler v. Bothe, 117 Mo. 500; Epperson v. Postal Co., 155 Mo. 379; Junior v. Electric Co., 127 Mo. 83; Wray v. Electric Co., 68 Mo. App. 388; Klein v. Clothing Co., 91 Mo. App. 106; Jackson v. Railway, 104 Mo. 448; Lucy v. Oil Co., 129 Mo. 39; Burnes v. Railway, 139 Mo. 41; Cathron v. Packing Co., 98 Mo. App. 343.   (2)   Plaintiff was guilty of such contributory negligence as bars a recovery.   There can be no question but what he could by the exercise of ordinary care, have avoided injury.

Bridges v. Railway, 3 M. W. —; Moore v. Railway, 176 Mo. 528; Doerr v. Brewing Assn., 176 Mo. 547; Spiva v. Coal Co., 88 Mo. 168; Kelly v. Railway, 88 Mo. 534; Weller v. Railway, 120 Mo. 347; Russell v. Receivers, 70 Mo. App. 96; York v. Railway, 117 Mo. 405.

*W. K. Amick* for respondent.

(1)   Plaintiff did not assume the risk.   The servant assumes only those risks which are incident to the master's business when carefully managed.   Risks which arise out of the master's negligence are not assumed by the servant.   Wendler v. Fur. Co., 165 Mo. 527; Curtis v. McNair, 173 Mo. 270; Pauck v. Beef Co., 159 Mo. 467; Settle v. Railroad, 127 Mo. 467; Welden v. Railway, 93 Mo. App. 668.   (2)   If there was any evidence whatever of contributory negligence in the case, that was a question for the jury to pass upon. The jury found there was none.   Wendler v. Fur. Co., 165 Mo. 527; Curtis v. McNair, 173 Mo. 270.

ELLISON, J.—This is an action for damages arising from injuries received by plaintiff while in defendant's employ which he alleged were caused by defendant's negligence.   The judgment in the trial court was for plaintiff.

Defendant conducts a meat packing establishment in the city of St. Joseph and for the purpose of transferring hams from one point to another in the establishment there was constructed some overhead tracks from which were suspended "trees" from which arms or limbs stuck out, and upon which the hams were hung. The "trees" were attached to grooved wheels which ran along the rails.   The track composed of three rails had a switch at a certain place which, if left open, would cause the "tree" to run off and fall to the floor.   The track where the transfer was being made was in a long

and rather narrow way which was poorly lighted and was especially dark when the "trees" were hung with hams and were being pushed along the track. The mode of transfer was for a man on the floor to push the "tree" so that it moved along suspended as it was from the overhead rails. Plaintiff had worked at the place for a considerable period and was familar with all conditions surrounding his work and of the darkness in the hallway and the danger arising from the liability of a "tree" running off the track if the switch was open. He had been hurt in that way at a time previous to the injury in controversy.

At the time of the accident plaintiff was pushing a "tree" loaded with hams along the track when he ran into the switch which had been left open. The tree fell on his foot and inflicted the painful injury for which he brought this action.

The plaintiff and fellow-workmen who were witnesses in his behalf testified that they understood that to prevents accidents like this it was necessary for them to know that the switch was closed; and his fellow-workmen stated that when the darkness prevented their seeing its position they would stop and ascertain by feeling with a stick or other instrument. At one place in plaintiff's testimony he states that he looked to see as to the condition of the switch. Quoting his language, he said: "I looked up right this way, kept looking, and my own best judgment the switch was all right." That statement itself shows that he was uncertain, yet he failed to take the simple means of finding out positively. But the whole testimony (to say nothing of his other witnesses) discloses, without doubt, that he knew nothing about it and carelessly assumed that it was right. He stated that it was too dark for him to see and it is not pretended that he took the precaution to examine. He repeatedly stated his inability to see and at one point said that the light was so dim that one going

along and "using good judgment could not distinguish exactly whether the switches were right or wrong."

We have no disposition to enter into a discussion along with the respective counsel as to the distinction sometimes made between what is known as "assuming the risk" and ordinary contributory negligence. Whether plaintiff's conduct was one or the other can make no difference since, if it was either, he can not recover. That it was one or the other is certain and defendant's demurrer should have been sustained. Moore v. Railway, 146 Mo. 572, 581, 582; Hulett v. Railway Co., 67 Mo. 241; Hurst v. Railway, 163 Mo. 309, 322; Thomas v. Railway, 109 Mo. 187.

The difference between this and that large class of cases where the servant is injured while under the immediate orders and directions of the master is apparent. Here, the plaintiff was engaged in the work he confessedly knew all about and was subject to no one's order or direction and no one's assurance of the safety of any particular step in the performance of his work. He knew of the switch and the danger and the necessity of seeing that it was right and, as has been already stated, this was his second accident.

The judgment will be reversed. All concur.