R. M. NICKERSON, Respondent, v. SAINT LOUIS AND SAN FRANCISCO RAILROAD COMPANY, Appellant.

Springfield Court of Appeals, May 4, 1910.

1. MASTER AND SERVANT: Railroads: Failure to Furnish Light: Negligence of Servant. Plaintiff, an employee of a railroad company, was engaged at night in cleaning the outside of a café car. He used a ladder which he stood against the side of the car. In coming down the ladder, as he got near the lower step he looked and thought he was on the bottom step, but could not see on account of the darkness. He was, in fact, on the third step from the bottom and in alighting he stepped on the edge of a car spring and was thrown on a pile of timber and material between the tracks. He had left his lantern at the other end of the car and had not used or placed it so that it would light his way down the ladder. *Held*, that plaintiff's own negligence in not

placing the lantern so that he could see as he descended the ladder was the sole cause of his injury.   *Held, further,* that if defendant was responsible for the darkness, and plaintiff had been using ordinary care, he would have had a cause of action.

2. ———: **Duty to Servant: Safe Place. to Work.**   The rule is firmly established in this State that it is the duty of the master to exercise ordinary care to provide a reasonably safe place for the servant to work.

3. **RAILROADS: Master and Servant: Obstructions Near Cars: Duty to Car Cleaner and Brakeman Compared.**   The degree of care required of a railroad company to a car cleaner and one working around the stationary cars in its yards, with reference to obstructions on the ground near and around the cars, is not to be tested by the degree of care required to protect brakemen and others of like employment in working in yards about moving cars, and coupling cars.

4. ———: ———: ———:' **Duty to Car Cleaner: Material Between Tracks.**   A railroad company is not negligent in its duty to a car cleaner in piling material used in the repair of cars between. tracks that are fifteen feet apart, especially where the car cleaner had worked in yards and knew this was the custom of the company.

5. ———: ———: ———: **Knowledge of Master.**   A railroad company cannot be held guilty of negligence on account of the presence of a car spring near or under a pile of material between tracks in its yards, where the evidence does not disclose how the car spring came to be there, nor how long it had been there, nor whether the company knew it was there, nor that the presence of the spring was liable to cause the injury or render unsafe the place at which plaintiff, a car cleaner, was required to work.

6. **NEGLIGENCE: Contributory Negligence: Pleading: Burden of Proof.**   The defense of contributory negligence is an affirmative one, and to be available must be pleaded; but the fact that defendant must plead contributory negligence for it to be available does not relieve the plaintiff of the duty to plead and prove that the negligence of the defendant caused the injury.

7. **MASTER AND SERVANT: Negligence: Failure of Master to Furnish Light: Failure of Servant to Use Light Provided by Himself.**   Plaintiff, an employee in a railroad company, while engaged at night in cleaning a car in defendant's yard, came down the ladder which he was using, and which was placed against the side of the car, and on account of the darkness miscalculated his step and was injured.   The evidence showed that

he had provided himself with a lantern, but had not placed it where it would light his way up and down the ladder. Plaintiff testified that defendant's foreman had instructed him not to take or use a lantern in his work. *Held*, that the cause of the injury was attributable solely to plaintiff's own negligence in not making use of the lantern that he had with him, and not to the negligence of defendant's foreman in telling him not to take the lantern. This case is distinguished from Strickland v. Woolworth, 143 Mo. App. 528.

8. ———: ———: ———: ———. Where the sole cause of the injury and the sole ground of negligence chargeable to the defendant is the darkness, and the plaintiff has the means at hand to provide himself a light and does not do it, then that act or failure of plaintiff becomes negligence *per se.*

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED.

*W. F. Evans* and *Mann, Johnson & Todd* for appellant.

The court erred in refusing to give defendant's peremptory instruction to find the issues for the defendant. Williams v. Railroad, 119 Mo. 319; Glasscock v. Dry Goods Co., 106 Mo. App. 657; Gurley v. Railroad, 104 Mo. 223; Yarnell v. Railroad, 113 Mo. 570; Dowell v. Guthrie, 116 Mo. 646; Fuchs v. City, 167 Mo. 635; Sherman & Redfield on Negligence, sec. 185; Ring v. Railroad, 112 Mo. 231; Kane v. Railroad, 112 Mo. App. 655; Burns v. Railroad, 129 Mo. 41; Meehan v. Railway, 114 Mo. App. 396; Wendall v. Railroad, 100 Mo. App. 556; Kappes v. Shoe Co., 116 Mo. App. 167; Trigg v. Lumber Co., 187 Mo. 236; Brubaker v. Electric Co., 130 Mo. App. 439; Cole v. Loan Society, 124 Fed. 113; Saxton v. Railroad, 98 Mo. App. 494; Breen v. Cooperage Co., 50 Mo. App. 202; O'Malley v. Railroad, 113 Mo. 319.

*Fielding P. Sizer* and *Thomas & Hackney* for respondent.

It was the duty of the defendant company to exercise ordinary care to keep its track and yards, where the plaintiff was required to do his work, in a reasonably safe condition so as to prevent injury to the plaintiff. Hollenbeck v. Railroad, 141 Mo. 109; Burdict v. Railroad, 123 Mo. 221; Hurst v. Railroad, 163 Mo. 319; Carlton v. Railroad, 200 Mo. 436; Musick v. Packing Co., 58 Mo. App. 322; Soeder v. Railroad, 100 Mo. 673; Younge v. Railroad, 133 Mo. App. 153; Blundell v. Elev. Co., 189 Mo. 552; Kennedy v. Railroad, 190 Mo. 424; Phippin v. Railroad, 196 Mo. 347.

COX, J.—This is a suit for damages for personal injuries sustained by the plaintiff while a servant in the defendant's employ. The cause was commenced in the Jasper county circuit court, May 4, 1909, and tried before a jury on July 7th, resulting in a verdict for the plaintiff in the sum of two thousand dollars, and from which the defendant has perfected its appeal to this court.

The defendant, at the time herein mentioned, was a railroad corporation operating a line of railroad, extending from St. Louis to the southwest through the State of Missouri. On the line of its road is the city of Monett, in Barry county, and this city was a division point, at which the defendant maintained terminal yards wherein it made up its trains for the different divisions, repaired cars, cleaned them, and supplied them with water, ice and coal. The terminal yards and tracks of the defendant at Monett run east and west, and there are a great number of tracks traversing the yard parallel with each other through that portion of the yard adjacent to the passenger depot. The passenger depot is on the north side of the yards and facing south; and running east and west along and in front

of the depot are the different tracks and switches upon which the work aforesaid mentioned was performed. In front of the depot and extending for some distance east and west, the tracks are concreted, forming a level surface even with the tops of the rails. Just west of the west end of the concrete, the spaces between the tracks were filled with chats and mining gravel, thereby making a level surface for employees in doing their work in and about the cars.

The plaintiff, a man about fifty-five years of age, and who had lived in the city of Monett about fifteen months, was in the employ of the defendant on December 30, 1908, as a car cleaner, and had been engaged in that work for the defendant about two months, in its yards at Monett. In addition to cleaning cars, the plaintiff had performed other duties about the station, such as furnishing the cars with ice and coal. At the time complained of, his hours of labor were from seven o'clock in the evening until six o'clock in the morning, with an hour at midnight for lunch. On the evening of December 30th, he commenced work at seven o'clock, as usual, and had performed certain labors in the yard until midnight. After midnight, he was assigned the task of cleaning a cafe car standing on the fourth track from the depot, and just at the west end of the concrete walk. In addition to the plaintiff, who was assigned to work on the north side of the car, another employee of the defendant was at work cleaning the south side of the car, and also another one was at work cleaning the inside thereof. The yards of the company were lighted with arc lights until midnight, but after midnight, the lights inside the cars and such lanterns as the employees might carry, were the only lights in the yards, except those in the station and other buildings of the defendant. The method of cleaning cars was for the employees to use a ladder about seven feet in length, by standing the same against the side of the car, and then getting

on the same and using materials furnished by the defendant therefor.

Plaintiff testified that on the night in question, just after midnight, he proceeded to work upon the said cafe car which was standing at its usual place in the yard. He took his ladder, material and a lantern, and commenced at the east end of the car on the north side. After he had cleaned the part of the car within his reach, he came down on the chats, moved his ladder to the west and again went upon the ladder and cleaned that part of the car within his reach. After he had moved the ladder a couple of times and had cleaned the windows on the car within his reach, he started to get off the ladder for the purpose of moving it further to the west, that it was very dark and his lantern was setting up at the east end of the car where he had left it; that when he got toward the lower steps of the ladder, he looked and thought he was at the bottom step, but could not see on account of the darkness. At this time he was on the third step from the bottom, and, therefore, it was further to the ground than he thought it was, and when his foot did reach the ground he stepped on the edge of a car spring and was thereby thrown across a pile of timbers and other material on the walks between the tracks, and received injuries for which this suit is brought.

The evidence discloses that the company had, for a long time, been in the habit of repairing its cars in the yards, and in making the repairs, used wrenches, hammers, bars, chisels, blocks, and jacks, and it was a custom when through with the blocks, jacks and bars to stack them up between the tracks and leave them until they were needed again. The space between tracks three and four was fifteen feet wide, and this space was left in order to have room to work in. The testimony also shows that there were some hydrants, gas plug and tank standing between these tracks, but a little further west of the point where the plaintiff

was injured. That on the evening plaintiff was injured some repairs had been made on the cafe car, and that the blocks, jacks, and perhaps the bar, had been piled up by the servants of defendant in a narrow pile extending east and west between the tracks. The plaintiff's testimony is not corroborated as to the presence· of the car spring, and it is not clear that he testified to seeing one—only that he felt it with his foot.

The negligence complained of is that the yards were dark, and the pile of stuff between the tracks aforesaid made the place where plaintiff was assigned to work unsafe. Error is assigned in the giving and refusing of instructions. As to the giving and refusing of instructions it is sufficient to say here that error was committed in that respect, but in the view we take of the case it will not be necessary to notice any of these, except the one in the nature of a demurrer to the testimony.

The rule is firmly established in this State that it is the duty of the master to exercise ordinary care to provide a reasonably safe place for the servant to work. [Spencer v. Bruner, 126 Mo. App. 94, 103 S. W. 578.] The degree of care required in this case is not to be tested by the degree of care required to protect a brakeman, and others of like employment, in working in yards about moving trains, and coupling cars, etc. In such cases it is the duty of the defendant company to keep the sides of the track clear of obstructions so that the brakeman can, with reasonable safety, get on and off, pass along by and enter between cars by the exercise of ordinary care. [Hearst v. The Railroad Co., 163 Mo. 309, 64 S. W. 695.]

If the accident had happened in the daytime, then, of course, the plaintiff would have no case as it could not be said that it was negligence on the part of defendant to pile the material between two tracks when there was a space of fifteen feet between. It was the custom of the company to repair its cars in its yard, and to

leave those materials in the yard between the tracks after they had repaired a car until they were needed at another time and place. The plaintiff worked in the yards and knew that cars were being repaired from time to time—that blocks and such material were being used by the defendants in making these repairs. He does not claim that he did not know that such work was being done at night, and, hence, it would have been his duty to have used ordinary care to have avoided coming in contact with these obstructions in such a way as to fall over them and be injured.

From what we have said if defendant is to be held guilty of negligence at all it is not from the fact that it permitted the materials to be piled up between the tracks, nor from the fact that the car spring was present under the pile, if such was the fact, for the evidence does not disclose how the car spring came to be there, nor how long it had been there, nor whether the company knew it was there; nor does it indicate that the presence of the spring there was liable to cause injury or render the place at which plaintiff was required to work unsafe. The gist of plaintiff's cause of action, if he has any, is the fact that he was sent to work in the dark, and that by reason of the darkness he was unable to observe these obstructions by the use of ordinary care, and for that reason he was injured.

The evidence shows that the foot of the ladder was placed very close to this pile of blocks, and that in coming down he thought he had reached the bottom of his ladder before he had, and that by reason of the darkness he stepped from the second step to the ground and, in doing so, stepped upon what he thought was a car spring and fell over the pile of blocks and was hurt.

If defendant was responsible for the darkness and plaintiff was using ordinary care then he had a cause of action, and was entitled to go to the jury upon that theory of his case. The evidence relating to the question of darkness shows that the arc lights were turned

off at midnight—that the only light at the place where plaintiff was required to work was what came from the inside of the car and what was furnished by workmen in the yard, and what was, or might have been, furnished by a lantern which plaintiff had. Plaintiff contends that he furnished this lantern himself, and that when he began working on this car he set it down at the end of the car where he began, and did not take it with him as he moved along the car for the reason that he had been instructed by his foreman not to use the lantern. His testimony in relation to that question is as follows:

"Q. What instructions did you have from the foreman? A. Not to carry a lantern—it would be in our way—we couldn't handle a lantern and our box of waste." On cross-examination, he testified as follows: "Q. You say your foreman, Mr. Hogan, told you not to use your lantern? A. Yes, sir. Q. You are sure about that? A. Yes, sir. Q. Did he tell the other men the same thing? A. I don't know what he told the others. Q. You don't know what the general order was? A. No, sir. Q. What objection did he make to you carrying your lantern? A. He said we did not need it—just go ahead and do the best we could without them. And further, Q. Wasn't your lantern sitting there also at the foot of the ladder within three feet of it? A. No, sir. It was twenty feet back up there, and may be further."

The evidence of the foreman on behalf of defendant was that the company furnished plaintiff the lantern and that he was instructed to use it, but in considering the demurrer to plaintiff's testimony we can only consider what is favorable to him, and must give that the strongest interpretation which it will bear in his favor, and, with this rule in view, we fail to see from this testimony that plaintiff was forbidden to use his lantern by moving it when he moved his ladder, and placing it in a position to furnish him light

in passing up and down the ladder. As to who furnished him the lantern, or whether he had been instructed not to take one is immaterial. The fact remains that he had a lantern, and was using it for the purpose of lighting his way over the yard, and it was there sitting at the end of the car, and he was certainly at liberty to use it for the purpose of lighting the way around the foot of his ladder, and there was nothing in what the foreman had told him that required him to leave his lantern at the end of the car; neither is there anything to indicate that he could not conveniently have moved his lantern every time he moved his ladder. The injunction of the foreman, if it was given, could only be held to apply to the work while he was on the ladder when he would be required to hold the lantern and the material with which he was working, and at the same time, use his hands in wiping the car, but nowhere in his testimony does he give any explanation or disclose any reason why he could not, without interfering with his work in the least, have moved the lantern each time he moved the ladder and placed it where it would have prevented the darkness interfering with his passing up and down the ladder.

It may be said that the defense of contributory negligence is an affirmative one, and, to be available, must be pleaded. This is true, but the fact that defendant must plead contributory negligence in order to avail itself of it, does not relieve the plaintiff of the duty to plead and prove that the negligence of the company caused the injury; and, in this case, if we consider that the foreman had told him not to use his lantern in his work, and did not furnish him one, yet notwithstanding that fact he provided himself with a lantern and did use it, but at the time of the injury had failed to use it to light the way up and down the ladder when he might have done so, the conclusion is irresistible, that the cause of the injury was attributable solely to his own negligence in not making use of

the lantern in that way, and not to the negligence of the company in telling him not to take the lantern, if they did so tell him.

This case is to be distinguished from the case of Strickland v. Woolworth, decided by us at this term, in this way. In the Strickland case there was an electric light provided which might have been turned on to light the stair down which the plaintiff fell. She did not turn on this light, but in that case the failure to turn on this light was not the sole ground of negligence; nor could it be said to have been the sole cause, or even the proximate or immediate cause of the injury, but in that case the negligence of the defendant was in the construction and condition of the stairway, coupled with the failure to keep it properly lighted. In cases of that character, where darkness is not the sole cause of the injury, then the fact that the plaintiff fails to use the means at hand to provide the light may or may not constitute negligence *per se* which will prevent recovery according to the circumstances of the case. We held in the Strickland case that under all the facts in that case the failure of plaintiff to turn on the light before attempting to descend the stairs was not such negligence in law as would justify taking the case from the jury, but that it was a fact for the jury to consider in connection with the other testimony in the case in determining whether or not plaintiff had been guilty of contributory negligence; but, where, as in this case, the sole cause of the injury and the sole ground of negligence chargeable to the defendant is the darkness, and the plaintiff has the means at hand to provide himself a light, and does not do it, then that act of itself becomes negligence *per se*.

What we have said distinguishes this case from the Strickland case, supra, and puts it in line with the cases of Anderson v. Forrester-Nace Box Co., 103 Mo. App. 382, 77 S. W. 486, and Boymer v. Hammond Packing Co., 106 Mo. App. 726, 80 S. W. 685.

In other words, the Strickland case went to the jury on the question of plaintiff's contributory negligence, which meant, of course, that although there was negligence on the part of defendant, yet if her own negligence contributed to the injury she could not recover; while in this case, when it is shown that the darkness was the sole cause of the injury, and plaintiff had the means of providing himself with a light and did not do so, then the negligence, if any, that could have been charged to the defendant for failure to furnish the light was overcome by the fact that plaintiff had provided himself with a light, and the question of contributory negligence is eliminated, and the case turns upon whether the injury was caused by the act of defendant, or the act of plaintiff himself.

This leads us to the conclusion that defendant's demurrer to plaintiff's testimony should have been sustained, and, for that reason, the judgment will be reversed. All concur.